# IN THE MATTER OF THE ESTATE OF CHARLES BOYD, DECEASED.

RULE IX OF THE SUPREME COURT.—Rule IX of the Supreme Court is in harmony with the three hundred and forty-sixth section of the Practice Act as amended in 1864.

TRANSCRIPT ON APPEAL.—Matter that does not tend in some degree to illustrate the points made on appeal should be omitted in a transcript.

CERTIFICATE TO TRANSCRIPT.—The object of the rule allowing attorneys to stipulate to the correctness of a transcript was to enable the attorney for the appellant, with the consent of the opposite attorney, to make up the record, and omit all useless and superfluous matter, and thereby save expense and facilitate the examination, and hasten the decision of causes.

SERVICE OF TRANSCRIPT.—The failure of the attorney for appellant to serve a copy of the transcript upon the attorney for the respondent before or at the time of filing, is not a ground for dismissing the appeal, if reasonable diligence is used, but the respondent may object to a hearing at the first term if service is not made in time for him to prepare for argument.

SAME.—When the appellant prints the transcript, service should be made before or at the time of filing, and when sent to the Clerk to be printed, the appellant should direct the Clerk to forward him copies as soon as printed for service.

STATEMENT ON APPEAL FROM PROBATE COURTS.—Section three hundred and thirty-

eight of the Practice Act, prescribing what statements on appeal shall contain, applies to statements made on appeal from the Probate Courts.

STATEMENT ON APPEAL FROM PROBATE COURT.—If a statement on appeal from the Probate Court does not state specifically the particular errors or grounds upon which the appellant intends to rely, and the appeal rests on the statement alone, the appeal will be dismissed on motion of the respondent.

APPEAL from the Probate Court, El Dorado County.

This was an appeal taken by F. A. Hornblower, Public Administrator of El Dorado County, from an order of the Probate Court of that county, appointing J. H. Potter administrator of the estate of James Boyd, deceased. The appeal was dismissed on motion of respondent's attorney. Appellant afterwards, and at the same term, moved the Court to set aside the order dismissing the appeal.

*George E. Williams*, for Appellant.

*James Johnson*, for Respondent.

By the Court, SAWYER, J.

This is a motion to set aside the order dismissing the appeal.

The first ground relied on by the respondent in his motion to dismiss the appeal was, that the transcript was certified by the Clerk without having been first submitted to the attorney of the respondent for his certificate. It is claimed that under Rule IX the transcript cannot be certified by the Clerk except in cases "where the parties do not agree." These words in the rule might, perhaps, as well have been omitted, but the restriction contended for was not contemplated; nor is such a limitation necessarily implied by the language of the rule. The rule and section three hundred and forty-six, as amended in 1864, were designed to be in harmony. A transcript is a copy of the record, or portions of the record, in the case, and there is little chance for disagreement between attorneys as to whether the record is correctly copied or not, unless it is wilful. It was thought that the printing of transcripts would greatly facilitate the examination and hasten the decisions of

causes, as well as lessen the liability of the Judges to overlook or misapprehend important facts in the case, and in other respects promote the administration of justice. As each attorney would have a copy, it would enable the counsel to more thoroughly prepare their cases for argument, and facilitate their references to the record. It was also anticipated that the expense would be the only objection that could be urged against printing. By omitting all matter that does not in any way serve to illustrate the points made on the appeal, and by allowing the appellant to make up the record himself, when the respondent is willing to join in the certificate, it was supposed that the expenses of the appeal would be less even than under the former system; thus every objection would be obviated and a great advantage secured. Hence the amendment of the Practice Act and the adoption of the rule. We are satisfied if parties conform in these particulars to the spirit of the amendments, especially by excluding all useless matter from the transcripts, that our highest expectations will be fully realized. We are gratified to find that transcripts are much less voluminous than formerly, but many records still contain much that might be advantageously omitted; for all matter that does not tend in some degree to illustrate the points litigated is an incumbrance and positively injurious. Many pages are often taken up with verifications of papers, acknowledgments of deeds, title of the cause repeated in every paper of the record, etc., when no point is made on them; in which case, where the record is certified by the attorneys, it would answer all purposes if in the place of the verification, acknowledgment, title, etc., the words "duly verified," "duly acknowledged," "title of the cause," etc., and the date of the document or filing were substituted.

We take this first occasion in which we are called upon to construe the rules, to call the attention of the bar and litigants to the reasons which influenced us in their adoption, in the hope that they will co-operate with us in carrying out the reform in the particulars indicated, and that thereby the expense of appeals may be lessened, and the business of this

65

Court and the correct, as well as speedy decision of causes greatly facilitated.

Another ground relied on by respondent for dismissing the appeal was, that the printed transcript was not served on his attorney till several days after it was filed, instead of before, or at the time of filing, as required by Rule IX. The failure to serve the transcript punctually is not a ground for dismissing the appeal, if reasonable diligence is used. But, if the appellant fails to serve the transcript, he will not be permitted to bring on the hearing at the first term, against the objection of the respondent made on that ground, when he has not had ample time after service of the transcript to prepare for the argument.

When, as in this instance, the transcript is sent from a distant part of the State to the Clerk to be printed, under the provisions of Rule X, it would perhaps not be practicable in all cases to return the copies in time to serve before filing the printed transcript, without unduly delaying the filing. But in such cases, the appellant should direct the Clerk to forward to him for service the necessary copies, as soon as printed. When the appellant himself has the transcript printed, there is no reason why the copies should not be served at or before the time of filing.

The next point relied on was, that the statement on appeal does not allege specifically the particular errors or grounds upon which appellant intends to rely. Section two hundred and ninety-nine of the Probate Act authorizes the appellant to annex a statement to the record, and prescribes the time within which it shall be prepared. But it does not define the term statement, or prescribe what it shall contain. This term is a new one, and but recently introduced into our legal vocabulary. It is used in the Practice Act, and the requisites of the statement are there prescribed. Under section three hundred of the Probate Act, the provisions of the Practice Act, section three hundred and thirty-eight, prescribing what the statement shall contain, are made applicable to appeals from the Probate Court, as it is one of the sections of Chapter I, Title

9, and is not in conflict with any provision of the Probate Act. The Probate Act authorizes a statement to be made, but we must look to the Practice Act, section three hundred and thirty-eight, to ascertain what the statement is. In the statement the appellant must "state specifically the particular errors or grounds upon which he intends to rely on the appeal." We have discussed at length, and construed this provision at the present term in the case of *Hutton* v. *Reed,* 25 Cal. 478, and we need not repeat the discussion here. In this case a statement was necessary to present the point relied on. As no statement was made of the grounds of the appeal, in pursuance of section three hundred and thirty-eight, as construed in *Hutton* v. *Reed,* and as the appeal rests on the statement (there being no judgment roll), this objection is fatal to the motion. It is unnecessary, therefore, to decide or discuss the other objections made. We have, however, looked into the record, and find that at the time of the appointment of Hornblower, administrator, the amendment to section fifty-two of the Probate Act was not in force, and the creditor was entitled to preference over the Public Administrator.

The motion to vacate the order dismissing the appeal is denied.