JOHN McQUADE *v.* ANNA ELOISE WHALEY *et als.*

Copy of Pleadings in Transcript.—If the Court below denies a new trial on the ground that the evidence is insufficient to sustain the cause of action alleged, and an appeal is taken from the order, the transcript must contain an authenticated copy of the pleadings, or an agreed statement of their contents.

Statement of Issues made by the Pleadings.—A statement of the contents of the pleadings made by appellant's counsel, and placed in the transcript, but not agreed to by the opposite attorney, or included in the settled statement, constitutes no part of the record.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Plaintiff appealed.
The other facts are stated in the opinion of the Court.

*John Satterlee,* for Appellant.

*Patterson, Wallace & Stow,* for Respondents.

By the Court, SAWYER, J.

The appeal is from an order denying motion to set aside a nonsuit, and for a new trial. The transcript consists only of the settled statement on appeal, preceded by a brief, unauthenticated statement of the issues formed by the pleadings, but does not contain the pleadings themselves. When the cause was called for argument, the respondent, who had previously filed exceptions to the transcript in pursuance of Rule XIII, moved to dismiss the appeal, under section three hundred forty-six of the Practice Act, on the ground that the record does not contain the pleadings, which, it is contended, the appellant was required to furnish.

On appeal from an order, the appellant is required to furnish the Court with a copy of the " order appealed from and a copy of the papers used on the hearing of the Court below." On appeal from an order denying a new trial, on the ground that the evidence is insufficient to sustain the cause of action alleged, the Court, in considering the question, must necessarily refer to the issues formed by the pleadings, and the Court below must, also, have referred to the pleadings in determining the question. Without some knowledge of the issues, it would manifestly be impossible for this Court to intelligently review the action of the Court below. A new trial might be denied or granted upon grounds that would require no reference to the pleadings to enable the Court to determine the propriety of the ruling, as, for instance, in the case of misconduct of the jury in the determination of a case by a resort to chance.

But the transcript should always contain enough of the record of the Court below to fully present the question, and show the materiality of the point relied on to reverse the judgment or order; and generally, whenever a pleading or other paper has been necessarily used on the hearing in the Court below, a copy of the pleading or an agreed statement-of the contents of so much, at least, as is relevant to the point in issue, should be furnished in the transcript. The brief note of the issues in the case preceding the statement in the transcript is undoubtedly sufficient to enable this Court to intelligently apply the evidence, and would answer all the purposes of the pleadings, had it been stipulated by counsel that it might take the place of the pleadings, or perhaps, if it had been made a part of the agreed statement, and had thereby received the sanction of the adverse counsel. We can perceive no objection to abbreviating transcripts in this mode by consent, care being always taken to include sufficient to fully present the points in controversy. But as it stands, it is the wholly unauthenticated statement of the issues made by the counsel on one side only, really constituting no part of the transcript, and might as well have been in the brief. If the respondent does not admit its correctness or sufficiency, we think he is entitled to have the pleadings in this case in the record. The counsel for appellant was not present when the cause was called for argument, and was not aware that exceptions had been filed. He had sent a note to the clerk directing his side to be submitted on briefs. The motion to dismiss was submitted with leave to file briefs, and having been called to the attention of appellant, he has filed his brief insisting upon the sufficiency of the transcript, but at the same time presenting an affidavit stating the foregoing facts with reference to his absence on the calling of the case, as an excuse for not asking leave to supply the pleadings at the time, and asking permission now to perfect the record. As the objection is technical, and as the statement of the issues, if true—and we do not understand that this is questioned—would be sufficient for all the purposes of the appeal,

had it been substituted by stipulation, we think leave to supply the pleadings should be granted.

Ordered that appellant have leave within ten days to add certified copies of the pleadings to the transcript.