36  129
114  72

## JOHN TODD et al. v. S. WINANTS et al.

ERROR.—The party alleging error, on appeal, must make it affirmatively appear.

REQUISITES OF TRANSCRIPT ON APPEAL—ERROR.—An appeal was taken from a judgment of nonsuit and an order denying a motion for a new trial. The transcript on appeal consisted of the statment on motion for a new trial, and a stipulation that said motion was denied, that the appeal was duly taken and perfected, and "that the foregoing transcript is correct." *Held,* that in the absence of the pleadings or a statement of the issues, this Court cannot ascertain whether the Court below erred in granting the nonsuit, and the judgment will be affirmed.

IDEM—PRACTICE.—It is not necessary in all cases to bring up the pleadings in full. A summary will, in most cases, answer every purpose on appeal, if it be agreed to by the attorneys of the parties.

IDEM—STIPULATION.—A stipulation, signed by the attorneys of the parties, that "the foregoing transcript is correct," does no more than take the place of the Clerk's certificate that the papers to which it is annexed are true copies,

IDEM—RULE XIII OF THIS COURT.—In such case, the respondents' objection to the sufficiency of the transcript are not waived by his failing to take exception thereto, according to Rule XIII of this Court.

17

Appeal from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action of ejectment. The plaintiffs appealed. The other facts are stated in the opinion of the Court.

*Gregory Yale,* for Appellants.

*Asher B. Bates,* for Respondents.

By the Court, Rhodes, J.:

The appeal is from a judgment of nonsuit and the order denying the motion for a new trial. The transcript on appeal consists of the statement on motion for a new trial, and a stipulation that the motion was denied, that the appeal was duly taken and perfected, and "that the foregoing transcript is correct." The respondents make the point that, as the transcript does not contain the pleadings, the Court cannot ascertain whether the Court below erred in granting the nonsuit, and therefore must affirm the judgment.

Without the pleadings or a statement of the issues upon which the action was tried, the appellate Court cannot determine whether the evidence made out a *prima facie* case for the plaintiffs upon any issue. The party alleging error must make it affirmatively appear, for every presumption is in favor of the correctness of the rulings and decision of the Court below. He must bring up enough of the record to illustrate his points of error. If the record brought to this Court does not disclose the error relied upon, there is nothing for this Court to examine. Without the issues we cannot ascertain what the Court below, in fact, decided, in ordering a nonsuit. It is not necessary in all cases to bring up the pleadings in full. A summary will, in most cases, answer every purpose on the appeal, but it must be agreed to by the counsel of the respective parties. (*McQuade* v. *Whaley,* 29 Cal. 612.)

The stipulation that "the foregoing transcript is correct" does not assist the appellants in this respect, for it merely takes the place of the Clerk's certificate that the papers to which it is annexed are true copies.

The respondents' objections are not waived by their failing to take an exception to the transcript, according to Rule XIII of this Court. The question is not whether the appellants may be heard on the points of error assigned, but it is whether the record, as now presented, discloses any error. The respondents, moving under that rule, say, in effect, that the transcript is not in such condition as to entitle the appellants to be heard on the errors assigned, because it does not appear that the notice of appeal was served or that the documents are properly authenticated as true copies, or that the statement was settled by the Judge, or agreed to by the parties, or because of some other technical objection to the transcript; but when the transcript contains only a part of the record or proceedings necessary to present or explain the points relied on, the respondents' position is, that the appellants do not show any error. If, for instance, the point is that the evidence is insufficient to justify the verdict, and it does not appear by the transcript that the statement was settled or agreed to, the respondents may take advantage of the omission under the Thirteenth Rule, and the appellants cannot be heard upon that point, unless the omission is supplied; but if the statement is omitted from the transcript, no error in the respect complained of is shown, for it does not appear upon what evidence the Court below acted. In the supposed case the issues are as essential as the evidence to explain or present the points relied on.

Judgment affirmed.