[No. 3,719.]

IN THE MATTER OF THE GUARDIANSHIP OF THE ESTATE OF
CHRISTOPHER MEDBURY, A LUNATIC.

PARTY TO AN APPEAL FROM ORDER OF PROBATE COURT.—On an appeal from
an order of the Probate Court removing a guardian of an estate, and
appointing another guardian in his place, taken by the guardian re-
moved, the newly appointed guardian is a necessary party.

TRANSCRIPT ON APPEAL.—A transcript on appeal must be agreed to by all
the parties or their counsel, or certified to by the clerk. A stipulation
agreeing to the transcript, signed by the counsel of all the parties except
one, is not sufficient.

APPEAL from the Probate Court, Marin County.

The facts are stated in the opinion.

*Gray & Brandon,* and *W. H. Patterson,* for the Appel-
lant.

*W. H. Fifield,* for Respondent, Porter.

*T. B. Bishop* and *McAllisters & Bergin,* for the other Re-
spondents.

By the Court, CROCKETT, J.:

This appeal is by Brangon, from an order of the Probate
Court, removing him from the guardianship of the estate of

Christopher Medbury, an insane person, and appointing one Porter as guardian. The order directs Porter to immediately take possession of the estate, and that Brangon, without delay, deliver all the property to him. The proceedings for the removal of Brangon were instituted by a brother of the lunatic, who filed a petition setting forth that Brangon had failed to give a new bond with sureties, as required by a former order of the Court, and that the estate was being wasted for want of a proper person to take charge of it, and praying for his removal, and that some suitable person be appointed in his place. The transcript on appeal is not certified by the Clerk; but there is annexed to it a stipulation signed by the counsel for Brangon, and for the brother and wife of the lunatic, to the effect that the transcript contains " true copies of the notice of appeal herein, of the admission of service. thereon, of the order appealed from, and of all papers and orders on file or of record in the office of the Clerk of said Probate Court, relating to or affecting the order removing said Brangon and appointing said Porter, and of the indorsements thereon;" that an undertaking on appeal, in the sum of three hundred dollars was duly filed, "it being understood that this stipulation is to have the same effect as and no other than " the certificate of the Clerk would have. The stipulation is not signed by Porter, or any one on his behalf; and he moves through his counsel to dismiss the appeal on the ground that he is a necessary party to it, and that the appellant is not entitled to be heard on a transcript, neither certified by the Clerk nor agreed to by the said respondent or his counsel. The objection to the transcript was taken in the proper method, and the appellant had the opportunity to procure it to be properly authenticated. If the order removing Brangon be reversed, Porter would of course be displaced as guardian, and he is a necessary party to the appeal. His rights cannot be determined on a transcript not certified by the Clerk, nor agreed to by his counsel. It is said, however, that Porter had not appeared in the proceeding, and was not represented by counsel, and that the appellant did all he could, when he served him with a copy of the notice of appeal and of the

'transcript. But this does not excuse his omission to pro-
cure the certificate of the clerk, and particularly after be-
ing notified that the transcript was objected to on this
ground.

Appeal dismissed.

Mr. Justice RHODES did not express an opinion.