[No. 9957.    Department One. — April 20, 1888.]

## GEORGE D. TOY, Respondent, *v.* SAN FRANCISCO AND SAN RAFAEL RAILROAD COMPANY, Appellant.

Appeal — Service of Notice — Adverse Parties — Substitution of Defendants. — The defendant, before filing any answer, made a motion in the trial court for an order substituting certain persons as defendants in its stead, and gave notice of the motion to the parties sought to be substituted. The motion was denied, and the defendant declining to answer, judgment by default was rendered against it. The defendant appealed from the judgment, claiming a reversal on the ground that the refusal to make the substitution was erroneous. *Held,* that the parties sought to be substituted were "adverse parties," within the meaning of section 940 of the Code of Civil Procedure, and should have been served with notice of appeal, and this not having been done, the appeal should be dismissed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Motion to dismiss appeal.    The facts are stated in the opinion.

*Lloyd & Wood,* for Appellant.

*Olney, Chickering & Thomas,* for Respondent.

*H. A. Powell,* for S. H. Harmon.

FOOTE, C.—This action was brought to recover a certain sum of money alleged to be due the plaintiff. Before any answer was filed to the complaint, the defendant moved, upon affidavit, that an order of the trial court should be made, substituting S. H. Harmon and the Gordon Hardware Company in place of the defendant, and discharge it "from liability to any party, upon its depositing in court the amount claimed in the contract mentioned in the complaint."

Upon the hearing of this motion it was refused, and the defendant failing to answer, judgment by default

was given and made in favor of the plaintiff as prayed for. From that judgment this appeal is taken.

It is claimed that the court, upon the proof made, should have substituted S. H. Harmon and the Gordon Hardware Company in place of the defendant, and it is perfectly plain that if the judgment is reversed, it must be because this substitution was not made, and it must result from such reversal that Harmon and the Gordon Hardware Company will become the defendants in the action, and the present defendant be "discharged from liability to any party."

Although not named as parties to the judgment as it stands, Harmon and that company were served with notice of the motion under the provisions of section 386 of the Code of Civil Procedure, and appeared in the court below, and became *quasi* parties to the action so far as their rights were affected by the granting or refusal of that motion.

The order of the court below absolved them from all connection with the cause from that time, and the effort now is to reverse the action of the trial court in that respect, and to make them parties defendant.

A motion is made to dismiss the appeal because neither Harmon and the Gordon Hardware Company, nor their attorneys, were served with notice thereof. And the question to be determined upon that motion is, whether or not they are "adverse parties," in the sense in which that term is to be taken under section 940 of the Code of Civil Procedure.

Harmon and the Gordon Hardware Company certainly became *quasi* parties to the action when they were served with notice of the motion to substitute them for the defendant in the court below. By the action of that court their rights were affected and determined.

If the contention of the appellant is to prevail, it seems plain to us that *quasi* parties to the action, whose rights were passed upon in the trial court, will be affected

to such an extent as that they will have put upon them as defendants a burden which the court below refused to impose. Therefore their interests in relation to the subject-matter of the appeal is in conflict with the reversal of the judgment appealed from, and they were entitled to notice of the appeal. (*Williams* v. *Santa Clara Mining Co.*, 66 Cal. 193, and cases cited; *In re Medbury*, 48 Cal. 83.)

At the appellant's instance, they were made parties to the motion to substitute in the court below; by the appeal, it is sought to allow the appellants to effect that in the supreme court which was denied them in the trial court, the result of which would be that *quasi* parties to the action would be concluded of their rights to be heard in the appellate court upon a matter in which they were heard and their rights determined in the lower court.

The appeal should be dismissed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the appeal is dismissed.