Ex parte Hernández et al., Petitioners and Appellants.

Appeal from the District Court of Arecibo in a proceeding for the aproval of a partition of an inheritance.

No. 1082.—Decided April 28, 1914.

Appeal—Dismissal of Appeal—Ex Parte Proceedings—Transcript of Record.—In *ex parte* proceedings in which there is only one party because there

were no contestants, the transcript of the record, in case of appeal, must be certified to by the secretary of the lower court and not by the attorney for the only party, and when the transcript is presented in this court in the latter form the appeal should be dismissed.

The facts are stated in the opinion.

*Messrs. Largé & Paz* for the appellants.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellants presented a deed of partition of the estate of Juan Antonio Casañas, deceased, together with other documents, to the District Court of Arecibo for examination and approval and the said court having refused to approve the same by its decision of November 24, 1913, the petitioners appealed therefrom to this court.

This, then, is an appeal from a decision rendered in *ex parte* proceedings and the transcript of the record brought up to this court for our consideration is certified by the attorneys for the petitioner-appellants.

Act No. 70 of March 9, 1911, page 226, provides that the record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal.

The general rule always has been that such certificate be executed by the secretary of the court so that there may be no doubt as to the genuineness of the document upon which this court must base its decision, and if some statutes allow the attorneys for the parties to execute said certificate, it is because it may be inspected by the respondent who is interested in having the judgment or decision appealed from affirmed and consequently in the accuracy of the transcript of the record. *Estate of Boyd,* 25 Cal., 511. The certificate of the attorneys for the parties is a substitute for the secretary's certificate and is a stipulation with regard to the correctness of the transcript. *Wetherbee* v. *Carroll,* 33 Cal., 549; *Todd* v. *Winants,* 36 Cal., 129. When it is not agreed

to by all the attorneys of the parties it must be certified to by the clerk. *Estate of Medbury,* 48 Cal., 83.

The use of the plural by our statute in referring to the certificate by the attorneys to the transcript of the record shows that it cannot be certified in this manner unless there is more than one party, for, it being an agreement, there must be more than one party thereto. Therefore, when *ex parte* proceedings are brought up on appeal, as in the present case, the transcript cannot be certified in this manner, but must be certified to by the secretary.

If we find, then, that the transcript of the record which must serve as a basis for the decision of this appeal, taken in a proceeding in which there is only one party, has not been certified by the secretary, it is not clothed with the validity required by law and therefore we cannot consider it in deciding the appeal, and the appeal should be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.