EX PARTE HERNÁNDEZ ET AL., PETICIONARIOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Arecibo en un procedimiento sobre aprobación de partición de herencia.

No. 1082.—Resuelto en abril 28, 1914.

DESESTIMACIÓN DE APELACIÓN—CASOS EX PARTE—CERTIFICACIÓN DE LA TRANSCRIPCIÓN DE AUTOS POR EL ABOGADO DEL PETICIONARIO.—En casos *ex parte* en que sólo hay una parte por no haber opositores, la transcripción de autos en caso de apelación debe ser certificada por el secretario de la corte inferior y no por el abogado de la única parte, y cuando se presenta dicha transcripción en esta forma debe desestimarse la apelación.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. *Largé* y *Paz.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Los apelantes presentaron en el tribunal de distrito de Arecibo para su examen y aprobación la escritura de partición de los bienes dejados a su muerte por Juan Antonio Casañas, acompañada de otros documentos, y habiéndose negado dicho tribunal a impartirle su aprobación por resolución de 24 de noviembre de 1913, los peticionarios apelaron de ella para ante nosotros.

Se trata, pues, de una apelación contra resolución dictada en un asunto *ex parte* y la transcripción que se nos ha presentado para resolverla está certificada por los abogados de los peticionarios apelantes.

La ley número 70 aprobada en 9 de marzo de 1911, página 238, dispone que constituirá el récord de una apelación la certificación que librará el secretario del tribunal *a quo*, o los abogados de las partes, del legajo de la sentencia y de la notificación de apelación.

La regla general ha sido siempre que tal certificación sea autorizada por el secretario del tribunal, a fin de que el documento que ha de servir de base para resolver la apelación este Tribunal Supremo no ofrezca duda sobre su autenticidad; y si algunos estatutos permiten que los abogados de las partes autoricen esa certificación es por la fiscalización que tiene la parte apelada, interesada en sostener la sentencia o resolución apelada y por tanto en que la transcripción sea exacta. Estate of Boyd, 25 Cal., 511. La certificación por los abogados de las partes, sustituye al certificado del secretario y demuestra su estipulación con respecto a la corrección de la transcripción. *Wetherbee* v. *Carroll,* 33 Cal., 549; *Todd* v. *Winants,* 36 Cal., 129. Cuando no está autorizada por todos los abogados de las partes, debe ser certificada por el secretario. Estate of Medbury, 48 Cal., 83.

El número plural empleado por nuestra ley al referirse al certificado de la transcripción por los abogados demuestra que no puede hacerse en esa forma sino cuando hay más de una parte, pues siendo un convenio, necesita la intervención de más de una parte y por tanto no puede certificarse en esta

forma la transcripción, sino por el secretario, cuando se trata de apelaciones en asuntos en que sólo interviene una parte, como ocurrió en el presente caso.

Si pues nos encontramos que la transcripción que ha de servir de base para la resolución de esta apelación, interpuesta en un asunto en que sólo hay una parte, no ha sido certificada por el secretario, no está revestida de la autenticidad que exije la ley y por tánto no podemos tomarla en consideración para resolver el recurso y la apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.