Jacinto Santos, Plaintiff and Appellant, *v.* Crédito y Ahorro Ponceño et al., Defendants and Appellees.

No. 5057. Argued May 14, 1931.—Decided July 28, 1931.

*Antonio L. López* for appellant. *Miguel Marcos Morales* for appellee Crédito y Ahorro Ponceño.

ON MOTION FOR REHEARING [*]

Mr. Justice Hutchison delivered the opinion of the Court.

Following the statement of facts, which extends over the first six pages of appellee's brief, and preceding the assign-

---

[*] Note.—The original decision in this case is reported in 41 P.R.R. 934.

ment of errors there was a suggestion that the appeal should be dismissed for the reason that the transcript did not contain a copy of the judgment appealed from. Appellant in an additional brief, subsequently filed, replied that appellee was mistaken as to the alleged omission of the judgment in question and cited the page of the transcript where it might be found. At that page there was a verbatim copy of the judgment rendered by the district court, signed by the district judge and attested by the secretary. The secretary certified that the transcript of the judgment roll was a true copy of "the originals existing in the record of the said case."

Some two weeks after the case was decided and several days after the transmission of the mandate, appellee filed a motion for rehearing upon the ground that the jurisdictional question involved in the alleged failure of appellant to include in the judgment roll a copy of the judgment had not been passed upon. In support of this contention appellee cites *Aponte* v. *Freiría et al.*, 20 P.R.R. 87; *Olivari* v. *Succn. of Ramos*, 20 P.R.R. 96; *Hernández* v. *Hernández*, 19 P.R.R. 987; *Jiménez* v. *Olmedo*, 13 P.R.R. 296; *Succn. of Nieves* v. *Succn. of Sánchez*, 17 P.R.R. 837; 33 Cal. 549; 36 Cal. 129; 4 C. J. 47, sec. 1625, note 79; and 4 C. J. 165, sec. 1772, note 6.

See also 3 C. J. 612, sec. 462; 2 R.C.L. 32, sec. 11; 8 Bancroft's Code Practice and Remedies, 8766, sec. 6615; Black on Judgments (2nd. ed.) Vol. 1, 150, sec. 106; 15 R.C.L. 571, 578, 579, sections 5, 11 and 14; and 34 C. J. 44, 52, 83, sections 175, 182 and 224.

Sections 188, 227, 231, 233, 234, 295, and 299 of the Code of Civil Procedure as adopted in 1904 were as follows:

"Section 188.—A judgment is a final determination of the rights of the parties in an action or proceeding.

"Section 227.—In all cases, judgment must be entered by the secretary in conformity to the decision, within twenty-four hours after the rendition of the judgment, unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings.

''Section 231.—The secretary must keep, with the records of the court, a book to be called the 'judgment book,' in which judgments must be entered.

''Section 233.—Immediately after entering the judgment, the secretary must attach together and file the following papers, which constitute the judgment roll:

''1. In case the complaint be not answered by any defendant, the summons, . . . . and a copy of the judgment.

''2. In all other cases, the pleadings, . . . . and a copy of the judgment. . . . .

''Section 234.—Immediately after filing the judgment roll, the secretary must make the proper entry of the judgment under appropriate head, in the docket kept by him; and from the time the judgment is docketed it becomes a lien . . . .

''Section 295.—An appeal may be taken to the Supreme Court from a District Court:

''1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment. . . . .

''2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment.

''3. From an order . . . . and from an interlocutory judgment . . . . within ten days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the secretary.

''Section 299.—In an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll, and of any bill of exceptions. . . . . ''

In *Hernández* v. *Hernández et al., supra,* the transcript brought up ''a decision . . . sustaining a demurrer . . . and declaring that the complaint should and would be dismissed . . .'' It also showed ''that the plaintiff moved that said decision be entered as a judgment and the court so ordered, . . .'' There was a note signed by the secretary indicating that a judgment had been entered but no judgment was included in the transcript.

This Court, speaking through Mr. Justice Aldrey, said:

''. . . . It is true that besides the appellant's statement in his notice of appeal that the appeal is taken from the judgment, the

secretary certified that the judgment was entered, but the judgment itself is what should appear in the record and its omission cannot be supplied by a mere reference thereto in the notice of appeal, in the statement of the case, in the bill of exceptions or in any other part of the record. Neither is the note or memorandum of the secretary sufficient to supply this omission inasmuch as it does not contain the decision of the court but only the simple statement that a judgment was rendered. 2 Cyc., 1031, and cases there cited under note No. 6.

"The said references cannot take the place of the provision of law that a copy of the judgment shall form a part of the transcript of the record, and besides, they do not inform us of the terms in which the judgment was entered."

In *Olivari* v. *Succession of Ramos, supra,* where Mr. Chief Justice Hernández delivered the opinion of the Court, we find the following:

"A copy of the judgment entered in the present case has not come up in the record. A copy of the decision of the court setting forth the terms in which the case should be decided and ordering the secretary to enter a judgment pursuant to that decision, has come up. Said decision, viewing its literal text, is not really a judgment, for the trial judge did not order that that be entered as the judgment, but that a judgment be entered in accordance with his decision.

"Section 295 of the Code of Civil Procedure as amended by the Act of March 11, 1908, provides in section 1 that an appeal may be taken to the Supreme Court from a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment. As will be seen, in order that an appeal from a judgment may be entertained, the judgment must have been entered in the judgment book, and this entry is so much the more necessary in the present case because it would be proof of the existence of the judgment."

The conclusion here reached was unquestionably correct (from the standpoint of the practice prevailing elsewhere in the United States and in this Island under the Code of Civil Procedure as originally enacted) if the Court was right in holding that the decision of the district court was not in itself a judgment. Whether that decision was or was not

a judgment is another question. This question was not involved in the case of *Hernández* v. *Hernández et al., supra.*

This Court has never considered certain changes made in the Code of Civil Procedure in connection with the question as to whether the entry of a judgment is a jurisdictional prerequisite to the review thereof on appeal.

Section 227 was entirely changed by an Act of March 9, 1911 (Session Laws, p. 226), which requires the district judge to "make out and file a brief statement in the case setting out the facts as found by him and giving the reasons for his decision." It was again amended in 1925 (Session Laws, p. 178), and now reads in part as follows:

"At the final hearing of any case in a district court, the judge thereof shall render and file at the time of the sentence, a written opinion *which shall be attached thereto . . . .*" (Italics ours.)

Section 2 of the Act approved March 9, 1911, *supra,* reads as follows:

"In all cases in which an appeal may be taken as provided in section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers."

Here the legislature fixes as the time when notice of the judgment shall be given the date of its rendition, not that of its entry. The losing party is to be notified of the rendition not of the entry. The date of entry has ceased to be a factor in determining the time within which an appeal may be taken, or in fixing the date from which such time shall begin to run.

There may be other enactments which have some bearing upon the matter. We shall not attempt further investigation without the aid of counsel at this time, nor foreclose any

discussion that may throw additional light upon the question in future cases.

In the instant case the judgment set forth in the judgment roll purports to be a judgment, not a rule for judgment nor an order directing the entry of a judgment. It is itself a judgment of dismissal, and contains all the essential elements of such a judgment. The copy before us may or may not have been taken from the judgment book. The fact that it contains a provision for the entry thereof and for the giving of notice thereof to the parties does not negative the probable fact that it was so taken. It would have been quite natural for the copyist who entered the judgment to follow the wording thereof including the provision for entry and notice as he found it in one concise sentence.

The real omission, if there be any defect or omission, is that of a certificate in express terms that the copy of the judgment set forth in the judgment roll is a true and correct copy of the entry contained in the judgment book. It would probably be difficult to find among the cases decided by this Court a record which meets this requirement. The copy of the judgment is usually followed by a note or endorsement to the effect that the same was entered on a certain day, but this falls far short of an assurance that the preceding copy signed by the judge is a true and correct copy of the entry in the judgment book.

We are not prepared to say that the want of such a certificate is a jurisdictional defect.

The motion will be denied.

Mr. Justice Aldrey and Mr. Justice Texidor concur in the result.