[No. 15943. Department One.—December 18, 1895.]

CHARLES A. WARREN ET AL., RESPONDENTS, *v.* GEORGE W. HOPKINS ET AL., DEFENDANTS. LEOPOLD LOUPE, APPELLANT.

APPEAL — MOTION TO DISMISS — SUPPLYING DEFECTS IN TRANSCRIPT. — Where a motion is made to dismiss an appeal upon the ground that the transcript is not properly authenticated, and that it fails to show that the notice of appeal had been served upon adverse codefendants, appellant may, under rule XV of the appellate court, which is to be liberally construed for the purpose of enabling the appellant to present his appeal upon the merits, remedy any defects or omission of the transcript, and may supply at the hearing the proof of service of the notice of appeal.

ID.—NOTICE OF APPEAL—PROOF OF SERVICE—PRACTICE—JURISDICTION.— The better practice is to have the proof of service of the notice of appeal made a part of the record in the court from which the appeal is taken, and, in such case, the record, when properly certified to this court, becomes conclusive evidence of the facts therein stated; but the jurisdiction of the appellate court does not depend upon proof of the fact of service being contained in the transcript, but upon the fact that the notice of appeal has been properly served; and the appellant may file in the appellate court either original proof of the service, or a certificate of the clerk of the court below that such proof has been made and filed in that court.

ID.—LIEN UPON LOT FOR GRADING—CONSTRUCTION OF CODE.—The lot upon which a lien is authorized by section 1191 of the Code of Civil Procedure for grading or other improvement of the lot, is not limited to any artificial subdivision or official designation of a lot upon a map, but includes in its meaning whatever territory is caused by the owner thereof to be graded under a single contract.

ID.—CONTRACT FOR GRADING STREETS—PRIORITY OF MORTGAGE—GRADING OF BLOCK.—Where a contract for grading streets in front of a block is made subsequent to the recordation of a mortgage upon the block, the lien for the grading of the streets is subordinate to the lien of the mortgage, though the mortgage may be subject to a lien for the grading of the block.

ID.—FINDINGS—UNCERTAINTY—CONSTRUCTION IN SUPPORT OF JUDGMENT. Any uncertainty in the findings is to be construed so as to support the judgment rather than to defeat it; and a finding that a certain amount was unpaid under contracts for grading blocks and streets surrounding the same, and does not find that any portion of the unpaid sum was for grading the streets, must be read as a finding that the entire amount is due upon the contract for grading the blocks as against the holder of a mortgage upon one of the blocks, and where such mortgagee has not assigned any error in the finding, it must be presumed to be authorized by the evidence, and to be of such a character as to sustain the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. JAMES M. TROUTT, Judge.

The facts are stated in the opinion of the court.

*John J. Roche*, and *Page & Eells*, for Appellant.

No cause of action was shown, because plaintiffs had not complied with section 1188 of the Code of Civil Procedure, requiring them to designate in their claim of lien the amount due to them on each block. Unless the claim of lien follows the statute the suit cannot be maintained. (Code Civ. Proc., sec. 1191; *Wood* v. *Wrede*, 46 Cal. 637; *Hooper* v. *Flood*, 54 Cal. 218.)

*J. C. Bates*, for Respondents.

Section 1183 of the Code of Civil Procedure does not give a contractor any lien for grading blocks or improving streets. Section 1188 has reference only to liens under section 1183, which applies to the whole state, and not to a lien under section 1191, which has reference to incorporated cities. (*Kreuzberger* v. *Wingfield*, 96 Cal. 252.) Notice of appeal should have been served upon Hopkins and Bowie, as they were adverse parties under sections 938 and 940 of the Code of Civil Procedure. As that was not done, the appeal should be dismissed. (*Harper* v. *Hildreth*, 99 Cal. 267, and cases cited; *Masterson* v. *Herndon*, 10 Wall. 416; *Hardee* v. *Wilson*, 146 U. S. 181, and cases cited.)

HARRISON, J.—The plaintiffs brought an action upon a contract made by them with the defendant Hopkins, for grading outside land blocks 664 and 665 in San Francisco, and to enforce a lien upon the land for such grading, and subsequently brought another action upon a contract made by them with the defendants Hopkins and Bowie, for grading the streets in front of said blocks, and to enforce a lien therefor upon the same land. The appellant, Loupe, held a mortgage upon

block 664, executed to him by the defendant Hopkins subsequent to the date of the contract for grading the blocks, and, for that reason, was made a defendant in the actions, and filed answers therein, setting up his mortgage lien, and, in the latter action, filed a cross-complaint against the plaintiffs and Hopkins and Bowie for the foreclosure of his mortgage, claiming that the lien thereby created was superior to the lien of the plaintiffs. To this cross-complaint the plaintiffs filed an answer denying this priority of lien, and alleging that their claim for grading constituted a lien prior to that of the mortgage. Before the actions came on for hearing, judgments of dismissal were entered by consent of all parties as to block 665, and thereafter, upon an order of the court, made by consent of all the parties, the actions were consolidated and tried together. Prior to the trial Hopkins and Bowie stipulated with the plaintiffs as to the amount due and unpaid upon their contracts with them, and that judgment therefor might be taken. The cause was thereafter tried between the plaintiffs and the appellant upon the issue as to the priority of lien, and findings of fact were made and filed, and judgment entered declaring the lien of the plaintiffs superior to that of the appellant. The appellant moved for a new trial upon the ground that the evidence was insufficient to sustain certain findings of fact. His motion was denied, and from this order, and also from the judgment, he has appealed.

1. A motion was made on behalf of Bowie and Hopkins to dismiss the appeal upon the ground that the transcript filed herein was not authenticated, either by the attorneys or by the clerk of the superior court, and that it failed to show that the notice of appeal had been served upon them. Rule XV of this court provides that when notice has been given to the appellant of any objection to the transcript affecting the right of the appellant to be heard, "it shall be the duty of the appellant to present and file at the hearing of the cause such additional record, if such there be, to remove or

answer the objection or exception so taken." In compliance with this rule, the appellant, at the hearing of the cause, produced and filed a transcript properly authenticated by the clerk of the superior court, and has, therefore, obviated this objection of the respondents. (*Estate of Medbury*, 48 Cal. 83; *In re Wierbitszky*, 88 Cal. 333; *Woodside* v. *Hewel*, 107 Cal. 141.) The fact that it appears from the certified transcript that there were certain typographical and clerical errors in the one originally filed is immaterial. All that was essential to a review of the action of the superior court was contained therein, and, when served upon the attorney for the respondents, was received by him without objection. The object of rule XV is to enable the appellant to remedy any defect or omission of the transcript for the purpose of enabling him to present his appeal upon the merits, and is to be liberally construed for that purpose.

The appellant is required to furnish this court with a copy of the notice of appeal, and, although the statute requires that a copy of this notice shall be served upon the adverse party, there is no provision in the statute, or in the rules of this court, prescribing the mode in which such service shall be authenticated. The better practice is to have the proof of such service made a part of the record in the court from which the appeal is taken, in order that there may be evidence in that court that the judgment has been removed therefrom. In such cases that record, when properly certified to this court, becomes conclusive of the facts therein stated, and no extrinsic evidence will be received to contradict it. (*Boston* v. *Haynes*, 31 Cal. 107; *Boyd* v. *Burrell*, 60 Cal. 280.) If, however, the record, as certified to this court, is silent upon the fact of such service, that fact itself will not authorize a dismissal of the appeal. The jurisdiction of this court to hear an appeal depends upon the fact that the notice of appeal has been properly served, and not upon the proof of that fact being contained in the transcript; and, when an objection is

made that the transcript does not contain evidence of the service, the appellant will be allowed to make proof thereof. For this purpose he may file in this court either original proof of such service, or a certificate of the clerk below that such proof has been made and filed in that court. (*Knowlton* v. *Mackenzie, ante,* p. 183.) In conformity with this rule of procedure the appellant presented at the hearing, and filed as a part of the record of the cause in the superior court, a copy of an affidavit showing that the notice of appeal herein had been duly served upon the defendants Hopkins and Bowie, and a certificate of the clerk of that court that the original of said affidavit was on file in his office.

2. It is contended by the appellant that the notice of lien filed in behalf of the plaintiffs is defective for the reason that the contract for grading embraces two blocks of land, and that, under section 1188 of the Code of Civil Procedure, the claim of lien should have specified the amount due to them upon each block. The lien which is claimed by the plaintiffs is, however, authorized by section 1191 of the Code of Civil Procedure, and not that which is authorized by section 1183. Section 1191 gives to the contractor a lien upon the "lot" for his work done, while section 1183 gives him a lien upon the "building or other improvement"; and in *Davis* v. *MacDonough,* 109 Cal. 547, the "improvement" upon which a lien is authorized by section 1183 is held to refer to the objects enumerated in that section upon which the labor was performed, or for which the materials were furnished. "The buildings, mining claim, or other improvements" named in section 1188 have the same significance as in section 1183, and the clause in section 1191 giving to the contractor a lien upon the "lot" which he grades or fills, or "*otherwise* improves," refers to some improvement of the "lot" upon which the lien is given, rather than to the "improvements" upon the lot referred to in section 1188. While section 1188 requires the claimant who files a lien against two or more buildings, or other improvements, to designate

the specific amount for which he claims a lien upon each of such "improvements," it does not require him to make such designation unless there is in fact a specific amount due to him on each of such improvements, and it might frequently happen that a contractor would construct several buildings under one contract, and there would not be any specific amount due to him on each of such buildings. In the present case the plaintiffs made a single contract for the grading of the two blocks at a fixed price, and, as it appears that the character of the two blocks was such that the earth taken from one was to be used in filling up the other, and that the compensation for the entire work was fixed at "ten cents per cubic yard for filling," it is evident that there could be no separate amount chargeable against either block; and that, while the grading had the effect to improve the land, it did not constitute such "improvements" to the different blocks as are contemplated in section 1188, or for which separate liens were authorized. We are of the opinion, moreover, that the "lot" upon which a lien is authorized by section 1191 is not limited to any artificial subdivision upon the surface of the earth, or to any official designation upon a map, but that its meaning includes whatever territory is owned by a person which he may cause to be graded under a single contract. It sufficiently appears that, at the time of entering into the contract for the grading, Hopkins was the owner of all the land for which he employed the plaintiffs.

The appellant, however, contends that, as the contract for grading the streets in front of the blocks was made subsequent to the recordation of his mortgage, the lien therefor is subordinate to the lien of his mortgage, and that the court should have directed that the mortgage debt be paid prior to allowing the plaintiffs any compensation for grading the streets. As a proposition of law this contention is correct, but the record fails to authorize its application. The court finds the amount that was unpaid under the contracts for grad-

ing the blocks and the streets surrounding the same, but does not find that any portion of this unpaid sum was for grading the streets, and, as any uncertainty in the findings is to be construed so as to support the judgment rather than to defeat it (*Breeze* v. *Brooks*, 97 Cal. 72), this finding must be read as a finding that the entire amount was due upon the contract for grading the blocks. If the appellant would question the correctness of the judgment in this respect, it was incumbent upon him to make his objection in the court below when that court made its finding of the amount unpaid upon the plaintiffs' contracts. In his motion for a new trial the appellant has not assigned any error in this finding, and it must be not only assumed as authorized by the evidence, but of such a character as to sustain the judgment. By the dismissal from the controversy of all the land except the block covered by the appellant's mortgage, any evidence of the amount due to the plaintiffs upon the other block was irrelevant to the issues before the court, and it cannot be assumed that the court has considered such evidence in making its finding.

The motion to dismiss the appeal is denied, and the judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.