[S. F. No. 3496.   Department Two.—October 3, 1905.]

## S. W. SMITH et al., Respondents, v. W. B. BRADBURY, Appellant.

MECHANICS' LIENS—UNRECORDED CONTRACT—ASCERTAINMENT OF PRICE —FORECLOSURE OF LIEN FOR MATERIALS.—A contract for the plastering of a four-story hotel, at prices per square, which it appears would necessarily aggregate a sum in excess of one thousand dollars, though no aggregate sum is mentioned therein, if not filed for record, as required by section 1183 of the Code of Civil Procedure, must be deemed void, and materials furnished to the contractor must be deemed furnished ''at the personal instance of the owner,'' and the lien therefor may be foreclosed against the owner.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

E. C. Chapman, for Appellant.

J. N. Young, William H. Young, and Marion S. Blanchard, for Respondents.

McFARLAND, J.—This is an action to enforce a lien for materials under the Mechanics' Lien Law against a building

and lot of land owned by defendant, W. B. Bradbury. The amount of the lien claimed is $87.15, and the court gave judgment for plaintiffs, enforcing the lien for that amount, together with interest, costs, etc. Defendant appeals from the judgment and an order denying his motion for a new trial. The case was tried without a jury, and, findings having been waived, no findings were made.

The defendant was engaged in repairing and altering some buildings and adding thereto, so as to convert the whole into a four-story hotel. He made a written contract with Mc-Kendrick and Mellon to do all the plastering throughout said buildings, and they purchased from plaintiffs certain materials which they used in carrying out the contract, and the lien of plaintiffs here in question is for such materials. It is averred in the complaint that the contract work done by McKendrick and Mellon exceeded one thousand dollars; that neither the whole of said contract nor any memorandum thereof was filed in the recorder's office, as required by the code; and therefore plaintiffs claim that the contract was void, and the materials furnished by them are to be deemed to have been furnished at ''the personal instance of the owner,'' as provided in section 1183 of the Code of Civil Procedure. Defendant does not deny that the contract was not recorded, but contends that the contract price agreed upon in the contract with McKendrick and Mellon did not exceed one thousand dollars, and that therefore the contract is not within the provisions declaring contracts void which are not recorded. We do not think that this point is tenable. By the contract in question McKendrick and Mellon agree to perform ''all of the plastering work, including labor and materials, pertaining to that certain building, improvement, or structure now being altered and repaired by the said party of the first part [Bradbury], and situated,'' etc. It is further ''mutually agreed that the contract price for lathing and plastering all the new work pertaining to said building shall be the sum of nineteen (19) cents per square yard,'' and that the contract price of the plastering of all the walls and ceilings of all the rooms and halls of the old building should be thirteen cents per square yard. The evidence clearly shows that the amount of the work done under the contract at the stipulated price per yard amounted to a

great deal more than one thousand dollars. Defendant himself testifies, and it is asserted in the brief of his counsel, that he had paid $2,425.68 "pursuant to the contract." And considering what was shown by the evidence, it must be assumed that the parties knew when the contract was made, unless they shut their eyes to what plainly appeared, that the work to be done at nineteen and thirteen cents per square yard would necessarily exceed one thousand dollars; and this being so the defendant could not evade the provisions of the code by simply avoiding a statement of the aggregate amount of the full price. The statement of the rate per yard sufficiently showed, under the circumstances, an agreement for an amount exceeding one thousand dollars. Under this view there is no necessity to consider other points argued by counsel.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.