[Civ. No. 243. Second Appellate District.—May 2, 1906.]

SOUTHERN CALIFORNIA LUMBER COMPANY, Respondent, v. FRANK H. PETERS et al., Defendants; CALIFORNIA TITLE INSURANCE AND TRUST COMPANY, Appellant.

MECHANICS' LIENS—LUMBER FOR DIFFERENT BUILDINGS—SINGLE ORDER AND CONTRACT—CLAIM OF LIEN—DESIGNATION OF AMOUNT DUE—CONSTRUCTION OF CODE.—A claim of lien for lumber furnished upon single order under one contract to build three cottages upon three city lots owned by one person, and used upon all of them, with nothing to show how much was used upon each, shows nothing due upon each, but exists against them all jointly, and does not come within the provisions of section 1188 of the Code of Civil Procedure, requiring every claim of lien filed against two or more buildings owned by the same person to designate the amount due to him on each of such buildings. The mechanic's lien law is to be liberally construed; and that section cannot be construed as requiring the performance of an impossibility.

ID.—HARMONY OF STATUTE WITH CONSTITUTION.—Section 1188 of the Code of Civil Procedure must be construed in harmony with the constitutional provisions for the protection of the liens of mechanics and materialmen. A statute must be either harmonized with the constitution or wiped out entirely.

APPEAL from a judgment of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Gavin McNab, for Appellant.

Borden & Carhart, for Respondent.

GRAY, P. J.—This action is brought by a materialman to foreclose a mechanic's lien upon three cottages situated upon three adjoining city lots. The houses were all constructed at the same time and the lumber was furnished under one contract by plaintiff directly to the owner of the cottages, who is the defendant Frank H. Peters. On a trial without a jury the findings and judgment were for plaintiff, and the defendant, California Title Insurance and Trust Company, appeals

from said judgment, and the record brought up consists of the judgment-roll.

The appellant has a trust deed of the premises foreclosed, which deed was recorded after substantially all the materials were furnished, and it contends that the plaintiff's lien is postponed to the lien of its deed, for the reason that plaintiff's claim of lien failed to designate the amount due him on each of the buildings, as required by section 1188, Code of Civil Procedure. This section reads as follows: "In every case in which one claim is filed against two or more buildings, mining claims or other improvements owned by the same person, the person filing such claim must at the same time designate the amount due to him on each of such buildings, mining claims, or other improvements; otherwise the lien of such claim is postponed to other liens."

Assuming, without deciding the question, that a trust deed constitutes a lien upon the property within the provisions of said section, we are still of the opinion that plaintiff's claim of lien does not come within the section. The lumber having been furnished upon a single order and all under one contract to be used in all the buildings, and having been so used in all the buildings, without anything to show how much of it was used in each building, it was impossible to "designate the amount due to him on each of such buildings." Indeed, under such circumstances, there was nothing due him on each of the buildings. His claim existed against the buildings jointly and not otherwise. It will not be held that the legislature intended to defeat the application of the lien law to a particular class of cases by requiring the performance of something impossible; but, on the contrary, the mechanic's lien law, being remedial in its nature, will be given a liberal interpretation to promote justice and carry out its general purpose, and it will be presumed that in enacting section 1188, Code of Civil Procedure, the legislature had in mind those cases only where it was possible to designate the amount due on each of several buildings and did not intend that the section should apply to any other class of cases. To give the section the construction contended for by appellant would cut the throat of the mechanic's lien law as applied to a class of cases, and would render nugatory as to those cases the general provision of the constitution giving mechanics, materialmen, etc., "a lien

upon the property upon which they have bestowed labor or furnished material.'' (Cal. Const., art. XX, sec. 15.) Such a construction as that cannot be tolerated. Statutes must be either harmonized with the constitution or wiped out entirely. This construction of the section is not new. (*Warren* v. *Hopkins*, 110 Cal. 506; James on Mechanics' Liens, secs. 243-251.)

It was, therefore, proper to make the trust deeds of appellant subordinate to plaintiff's lien.

The judgment is affirmed.

Smith, J., and Allen, J., concurred.