[L. A. No. 2987. Department One.—December 20, 1912.]

RAY L. PUGH et al., Respondents, v. J. MOXLEY et al., Defendants and Respondents; F. M. RYON, Defendant and Appellant.

MECHANICS' LIENS—MORTGAGE EXECUTED AFTER COMPLETION OF BUILDING—PRIORITY OF LIENS.—Except as given priority by the provisions of section 1188 of the Code of Civil Procedure, a mortgage of land upon which buildings had been erected, made after the completion of the buildings, and, therefore, after the work was done and materials commenced to be furnished, is subordinated, by section 1186 of that code, to the liens of mechanics and materialmen.

ID.—LIEN AGAINST TWO BUILDINGS—STATEMENT OF SPECIFIC AMOUNTS CLAIMED—BUILDINGS ERECTED UNDER SINGLE CONTRACT.—Section 1188 of the Code of Civil Procedure, requiring the claimant who files a lien against two or more buildings, or other improvements, to designate the specific amount for which he claims a lien upon each of such improvements, does not require him to make such designation unless there is in fact a specific amount due to him on each of such improvements. The section does not require separate statements of the amount due on each building or improvement, where two or more buildings or improvements are constructed under a single contract for a single consideration.

ID.—FURNISHER OF MATERIALS WHEN CONTRACTOR OR MATERIALMAN—RELATIVE VALUE OF MATERIALS AND LABOR.—In determining whether a lien claimant is a "contractor" or a "materialman" within the purview of the Mechanics' Lien Law, the test of the character of

the contract is the relative value of the material and the labor supplied. If the value of the labor is small in comparison with that of the material, the claimant is a materialman.

ID.—COST OF LABOR SMALL IN COMPARISON WITH VALUE OF MATERIALS.—One furnishing and installing fixtures and other materials for a building is to be deemed a materialman when the value of the goods supplied was nine hundred and fifty dollars, while the labor cost was only $128. The same is true of one furnishing lumber, in connection with which the only element of labor cost was a comparatively trifling amount for cartage.

ID.—REASONS OF DECISION—DICTUM.—Where a decision is based upon two independent lines of reasoning, neither one can be said to be *dictum.* One is as necessary to the decision as the other.

APPEAL—ERRONEOUS FINDING WITHOUT PREJUDICE IF DISREGARDED BY JUDGMENT.—Any error in finding against an appellant on a particular issue is without prejudice to him, if the judgment gave him all relief to which he was entitled had the finding been in his favor.

APPEAL from a judgment of the Superior Court of Riverside County and from an order refusing a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellant.

M. Estudillo, Patterson Sprigg, Collier, Carnahan & Craig, Thomas T. Porteous, and C. L. McFarland, for Respondents.

SLOSS, J.—A number of actions for the foreclosure of mechanics' liens were consolidated, and judgment in favor of the claimants was entered. The defendant Ryon, asserting an interest as mortgagee, appeals from the judgment and from an order denying his motion for a new trial.

In 1909, Mrs. O. E. Moxley, acting through her husband, J. Moxley, as agent, commenced the construction of two dwelling-houses upon a parcel of land, owned by her, in the city of Riverside. There was no contract for the erection of the buildings, or either of them, as a whole. J. Moxley made contracts with laborers and others for the doing of work and the furnishing of materials, the construction being superintended by him personally. The buildings were completed on November 27, 1909. On December 7, 1909, the appellant,

Ryon, loaned the Moxleys eight thousand dollars, taking a mortgage on the two houses, and the land on which they were situated, as security. The various lien claimants filed their respective claims within the time allowed by the statute. The owners defaulted. Ryon answered and filed a cross-complaint, in which he asked that his mortgage be foreclosed, and that the lien of said mortgage be declared to be prior to that of the claimants of mechanics' liens. The decree postponed the mortgage to the mechanics' liens. The several points made by the appellant are as follows:

1. It is urged that the provisions of section 1188 of the Code of Civil Procedure give the mortgage priority over the other liens. As the mortgage here involved was made after the completion of the buildings, and, therefore, after the work was done, and materials commenced to be furnished, it was subordinate to the liens of mechanics, etc. (Code Civ. Proc., sec. 1186), unless given a superior standing by the provisions of section 1188. That section reads as follows: "In every case in which one claim is filed against two or more buildings, mining claims, or other improvements owned by the same person, the person filing such claim must at the same time designate the amount due to him on each of such buildings, mining claims, or other improvements; otherwise, the lien of such claim is postponed to other liens. . . ." In the case at bar it appears that each of the claimants made a single and entire contract with J. Moxley for the doing of work or the furnishing of materials on both buildings for an agreed lump sum, or for a sum to be fixed in accordance with the amount of work done and materials furnished (for example, eleven cents per square foot for certain cement work).

If the question were a new one, there might be some doubt whether claims of lien under such contracts are subject to the requirements of section 1188. But there is authority to the effect that the section has no application to work done or material furnished under the circumstances here disclosed. In *Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986], the court said: "While section 1188 requires the claimant who files a lien against two or more buildings, or other improvements, to designate the specific amount for which he claims a lien upon each of such 'improvements,' it does not require him to make such designation unless there is in fact a specific

amount due to him on each of such improvements, and it might frequently happen that a contractor would construct several buildings under one contract, and there would not be any specific amount due to him on each of such buildings.'' The district court of appeal for the third appellate district has held to the same effect in *Southern Cal. Lumber Co.* v. *Peters,* 3 Cal. App. 478, [86 Pac. 816]. (See, also, *Kritzer* v. *Tracy Eng. Co.,* 16 Cal. App. 287, [116 Pac. 700].) It is contended by appellant that the foregoing quotation from the opinion in *Warren* v. *Hopkins* is to be disregarded as *dictum.* It is true that the opinion in question states, as a ground of decision, that section 1188 does not apply to the particular character of improvement (grading of lots) involved in that case. But the court did not rest its conclusion upon this ground alone. It went on to express the view that, if section 1188 were to be held to be applicable, the result would not be different, for the reason that the section, upon a proper construction of its terms, does not require separate statements of the amount due on each building or improvement, where two or more buildings or improvements are constructed under a single contract for a single consideration. Where a decision is based upon two independent lines of reasoning, neither one can be said to be *dictum.* One is as necessary to the decision as the other. (*Clary* v. *Rolland,* 24 Cal. 147; *Camron* v. *Kenfield,* 57 Cal. 551; *King* v. *Pauly,* 159 Cal. 554, [Ann. Cas. 1912C, 1244, 115 Pac. 210].) *Warren* v. *Hopkins* was decided in 1895. The correctness of the views there expressed has never been questioned by this court. It is fair to assume that many lien claimants, including, it may be, the respondents in the case at bar, have relied upon that decision in framing their notices of lien. Under these circumstances, we should not be disposed to alter the rule laid down, even if we felt much more doubtful than we do of the soundness of the construction heretofore declared. It must, therefore, be held that the court below did not err in giving to the liens of the respondents priority over the mortgage lien.

2. Two of the claims are attacked on the ground that they were based on original contracts for more than one thousand dollars, and that such contracts were void, because not reduced to writing, or filed for record, as required by section

1183 of the Code of Civil Procedure. One of these contracts was that of the Hinde Hardware Company. By its terms the Hardware Company agreed with J. Moxley to do all the work and furnish all materials and fixtures necessary to install two solar heaters, two bath tubs, two toilets, two pair laundry trays, two wash basins, and two kitchen sinks, with the necessary connecting pipes, for the sum of $1,078. The other was a contract whereby the Russ Lumber and Mill Company agreed to furnish to Moxley lumber and building materials for the two houses, as required from time to time, at current market prices. Goods were furnished to the amount, including cartage, of $2,137.70. The court found that neither of these contracts was an original contract within the meaning of section 1183, but that each was a contract for the sale of materials to be used in the construction of the buildings. If this finding is sustained by the evidence, the conclusion that the contracts, whatever the amount payable under them, were not required to be in writing or filed for record, necessarily followed. (*Hinckley* v. *Fields' Biscuit etc. Co.*, 91 Cal. 136, [27 Pac. 594]; *Roebling's Sons Co.* v. *Humboldt etc. Co.*, 112 Cal. 288, [44 Pac. 568]; *Bennett* v. *Davis*, 113 Cal. 337, [54 Am. St. Rep. 354, 45 Pac. 684]; *Bryson* v. *McCone*, 121 Cal. 154, [53 Pac. 637]; *California Portland Cement Co.* v. *Wentworth Hotel Co.*, 16 Cal. App. 692, [118 Pac. 103, 113].) "It is quite clear to us," says the court in *Hinckley* v. *Fields' Biscuit etc. Co.*, 91 Cal. 136, [27 Pac. 594], "that the word 'contractor' in sections 1183 and 1184 of the Code of Civil Procedure does not refer to a materialman." On the other hand, one may be an original contractor although he has agreed to do only a part of the work required for the construction of a building. (*La Grill* v. *Mallard*, 90 Cal. 373, [27 Pac. 294]; *Pacific Mut. L. Ins. Co.* v. *Fisher*, 106 Cal. 224, [39 Pac. 758]; *Smith* v. *Bradbury*, 148 Cal. 41, [113 Am. St. Rep. 189, 82 Pac. 367].) The line of demarcation may be illustrated by a brief reference to the facts of some of the cases we have cited. One who agrees to manufacture, at his own works, and to install in the building of another, a steam-plant, consisting of boilers, engine, and attachments, is a materialman, and not an original contractor. (*Hinckley* v. *Fields' etc. Co.*, 91 Cal. 136, [27 Pac. 594].) The same is true of one who agrees to furnish and set up, ready for use, electrical machinery (*Roebling's Sons Co.* v. *Humboldt etc. Co.*,

112 Cal. 288, [44 Pac. 568]; or one who contracts to furnish mantels, tiles, and grates, and perform the labor necessary to install them in a building (*Bennett* v. *Davis,* 113 Cal. 337, [54 Am. St. Rep. 354, 45 Pac. 684], or to furnish and put in place a plant for the manufacture of ice (*Bryson* v. *Mc-Cone,* 121 Cal. 154, [53 Pac. 637]), or to furnish and install elevators (*California Portland Cem. Co.* v. *Wentworth Hotel Co.,* 16 Cal. App. 692, [118 Pac. 103, 113].) But contracts to paper and decorate rooms (*La Grill* v. *Mallard,* 90 Cal. 372, [27 Pac. 294]), or to do the plastering work, including labor and materials, in a building (*Smith* v. *Bradbury,* 148 Cal. 41, [113 Am. St. Rep. 189, 82 Pac. 367]), are original contracts. The test of the character of the contract is the relative value of the material and the labor supplied. If the value of the labor is small in comparison with that of the material, the claimant is a materialman. (*Bennett* v. *Davis,* 113 Cal. 137, [54 Am. St. Rep. 354, 45 Pac. 684].) Applying this ground of discrimination, the evidence was clearly such as to justify the finding that the Hinde Hardware Company and the Russ Lumber and Mill Company were materialmen, and not original contractors. In the case of the former the value of the fixtures and other material supplied was nine hundred and fifty dollars, while the labor cost was only $128. The only element of labor connected with the furnishing of lumber by the Russ Company was cartage, which was trifling in comparison with the value of the materials.

3. The appellant, Ryon, alleged in his cross-complaint that the Moxleys had violated a covenant of their mortgage requiring them to keep the buildings insured for the benefit of the mortgagee, and that he had been compelled to insure, expending $116 as a premium for such insurance. He prayed for foreclosure of his mortgage, including the $116 as a part of the debt secured. The court found that the payment of the premium was voluntary on Ryon's part. This finding is assailed as contrary to the evidence. But since the court, notwithstanding the finding, gave to the appellant the relief which he asked, and included the sum of $116 in the amount to be paid him out of the proceeds of a sale, he is not in any way injured by the error, if error there was, in finding against him on this point. (Code Civ. Proc., sec. 475.)

The objection to the finding that the mortgage is subsequent to the liens of the respondents is sufficiently answered by what has been said on the first point discussed in this opinion.

4. The appellant excepted to the admission in evidence, over his objection, of the claims of lien of the several respondents. The ground of objection was that the amount claimed as against each of the buildings was not separately stated. As we have already seen, no such separate statement was required. But even if it had been, the defect would merely have affected the priority of the liens. It would have been no ground for refusing to admit them in evidence.

No other points are made.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Angellotti, J., concurred.