[ L. A. No. 9261.   Department Two.—February 27, 1928.]

B. H. HISS, Respondent, v. ERNEST E. SUTTON et al., Appellants.

J. J. McMahon for Appellants.

Bernard G. Hiss and William P. Boland for Respondents.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiff in an action instituted by him for the recovery of a commission alleged to be due in pursuance of an agreement between himself and the defendants involving an option for the sale of the latter's real estate.   The evidence in the case is practically without conflict, showing that on March 1, 1924, the defendants executed an option agreement to plaintiff for the sale of their said real estate "free and clear of all encumbrances" upon certain specified terms.   The agreement contained the following further provision: "First party agrees to pay B. H. Hiss as commission

in the event of the exercise of this option five (5) per cent of the total purchase price, to be paid through and at the close of escrow''; that the plaintiff assigned the foregoing option to one J. J. O'Regan, reserving the commission to become due in the event of the exercise of the option, and that O'Regan thereafter notified the defendant of his election to purchase their said property pursuant to the terms of said option, and that thereupon an escrow agreement was entered into between said defendants and said O'Regan, wherein it was provided for the delivery of the property free and clear of encumbrances, with the exception of certain easements, leases and taxes for the ensuing year, and which escrow agreement contained the following clause: ''Pay commission to B. H. Hiss, 261 So. Western Ave., $2500.00.'' Before the time when said escrow agreement was to be completed it appeared that the defendants' property, together with all other properties within a certain area, was subject to a restriction agreement to the effect that the property within the area in question was not to be used for any other than residential purposes. When this restriction agreement was brought to the attention of the proposed purchaser he notified the defendants that he could not take the property subject to the foregoing restriction, and the defendants being unable to remove the same the purchaser withdrew from the escrow, and upon his demand the money which he had deposited was returned. Thereupon the plaintiff herein demanded the payment of his commission from the defendants, which, being refused, this action followed. The foregoing being the stipulated facts in the case, the trial court rendered judgment in the plaintiff's favor for the recovery of said commission; whereupon the defendants have taken and prosecuted this appeal.

The appellants' first contention is that the plaintiff was not, under the terms of said option, an agent or broker employed by the defendants to obtain a buyer for their property, and that they never agreed to pay any commission to the plaintiff for any such service. While it is true that the option in terms ran to the plaintiff, the fact that it contained an express provision providing for the payment of a commission to him, and the further fact that after plaintiff had procured a purchaser for the property in question, to

whom he assigned said option, the defendants without objection entered into an escrow agreement with said purchaser, fully justifies the inference that it was the intent of the parties in entering into said option with the plaintiff, who was a real estate agent, that he was to act as such in the procurement of a purchaser, and in the event of doing so was to receive the commission stipulated in the option agreement. This contention on the part of the defendants is, therefore, without merit.

The defendants further contend that since the contract for the sale of the property to O'Regan was rescinded and canceled, the plaintiff's cause of action was thereby terminated and his right to the recovery of the commission provided for in the option agreement was at an end. This contention is equally without merit, since the option agreement, if construed to be one which sufficiently authorized the plaintiff to procure a purchaser for the defendant's property thereunder, was fulfilled prior to its said rescission by the plaintiff's procurement of O'Regan, whom the defendants accepted as a purchaser under the terms and conditions of said option, which provided that they should furnish to the purchaser title to the property free and clear of all but the specified encumbrances. Having failed to furnish such title, and the escrow agreement for that reason alone being rescinded, the plaintiff's right to a recovery of the stipulated commission was complete. The fact that in the option agreement it was provided that the plaintiff's commission was to be paid "through and at the close of escrow" is not to be interpreted to mean that the plaintiff was to be entitled to no commission unless the agreement for the sale of the property was fully executed through the medium of such escrow, but only that if such escrow was completed plaintiff was to receive his commission through and at the time of such completion. But this interpretation does not militate against the right of the plaintiff to receive his agreed commission when it appears that the failure to carry into effect such escrow agreement was wholly due to the defendants' inability to furnish title to their property in accordance with both their option and escrow agreements so to do. The plaintiff having fully completed his part of the option agreement to be by him performed became, therefore, en-

titled to his commission, notwithstanding defendants' failure to perform.

The judgment is affirmed.

Langdon, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices concurred.