[Civ. No. 5345. Second Appellate District, Division One.—January 3, 1929.]

B. H. HISS, Respondent, v. GUS MULHOLLAND et al., Appellants.

122

William Ellis Lady for Appellants.

Bernard G. Hiss and Wm. P. Boland for Respondent.

CRAIL, J., *pro tem.*—This appeal is from a judgment in favor of the plaintiff in an action for the recovery of a commission alleged to be due under an agreement between plaintiff and the defendants, involving also an option for the sale of the defendants' real property. The defendants on February 29, 1924, for a consideration of $200 in hand paid, executed a written agreement whereby they gave the plaintiff the exclusive right or option until March 10, 1924, to purchase their property. The agreement further provided that it should inure to the benefit of the assigns of the second party, and provided for a broker's commission as follows: "First party agrees to pay B. H. Hiss as commission in the event of the exercise of the option five (5%) per cent of the total purchase price to be paid through and at the close of the escrow." The plaintiff, on March 3, 1924, assigned the foregoing option to one J. J. O'Regan, reserving to himself the commission to become due in the event of the exercise of the option, and according to the testimony of plaintiff this was before the tender of a letter from defendants to plaintiff, which is set out in abbreviated form as follows:

"March 3, 1924.

"I hand you herewith my check for $200, being the amount you handed me on February 29, 1924, in connection with the document signed by me and my wife and I hereby cancel and terminate the relation created at the time of the signing of said document. I do not intend to sell the property and your authority to find a purchaser is hereby terminated and cancelled. I likewise rescind said document. I would not care to sell the property for the reason that I feel it is worth much more than $18,000, and inasmuch as you took this document in the form you prepared it but for the purpose of finding a purchaser, I feel you have no right as optionee or as agent now to find a purchaser. I will not transfer the property."

Within the time specified in the option J. J. O'Regan notified defendants of his election to purchase the property pursuant to the terms of the option and deposited the

purchase price in escrow as therein required, but defendants refused to proceed. Thereupon this action was commenced. The defendants filed an answer in which, after denying several allegations of the complaint, they set up a special defense, as follows: That on February 29, 1924, while plaintiff became and was the agent of defendants as aforesaid, plaintiff induced the defendants to execute said option at the sale price of $18,000, whereas at the time the property was worth $30,000, of which fact defendants were not aware until the 2d or 3d of March, 1924; that thereupon they inquired of plaintiff if he had taken any steps to exercise the option, who said that he had not and that he had not found a purchaser; that thereupon defendants rescinded the option, giving the plaintiff the letter above set out; that the agency created by said option was for no definite period of time and that they terminated it before plaintiff exercised it or found a purchaser; that the option and the contract for a five per cent commission were not severable. There was another affirmative and separate defense set out in paragraph V of defendants' answer, but the trial court found against the defendants on all the allegations set up in said paragraph.

This is a companion case to *Hiss* v. *Sutton*, 203 Cal. 459 [264 Pac. 748]. The plaintiff is the same in both cases; the defendants are owners of adjoining properties, and the options and contracts for fees are similar.

Appellants set out sixteen grounds for reversal of the judgment, several of which have groups of subdivisions. Ten pages of appellants' long brief are required merely to state the points for reversal. It would serve no useful purpose to set them out in full or to take them up one at a time, provided we are able to cover them in groups and thus more expeditiously state the grounds of our decision. Many of the points are covered by the decision in *Hiss* v. *Sutton, supra,* and are decided adversely to appellants. Others involve questions of fact which are supported by substantial evidence and may not be disturbed on appeal. Another involves a conclusion of law which is supported by the findings of fact. All of such points have been considered and the grounds for our decision regarding them are stated above. The remaining points will receive more detailed consideration here.

It is the contention of appellants that the agency between the parties was an oral agency and was for no particular length of time. The agreement to pay the five per cent commission was in writing and was made for a valuable consideration, and the contract was to pay a commission in the event of the exercise of the option, which right extended for a period of ten days. The defendants had no right to terminate or repudiate the option nor the agreement to pay the commission to become due in the event of the exercise of the option prior to the expiration of its term.

Appellants next contend that plaintiff was the agent of others for the purpose of acquiring the property at the very time defendants orally appointed plaintiff their agent to find a purchaser, and that plaintiff had been directed to obtain the property at the best price obtainable, to take an option in his own name and to pay no more money than was necessary, such money being provided by the other parties, of which defendants had no knowledge, and to which they never consented, and that plaintiff cannot recover because the agencies were antagonistic. It will be observed that this involves a chain of facts each one of which it would be necessary for appellants to establish before the defense would be a sufficient one. Each and all of the facts, however, were found against appellants by the trial court. We mention this contention specifically because it runs all through appellant's brief. It is the one upon which they chiefly rely for reversal. The amount of the purchase price was fixed by appellants at the time the parties were dealing at arms' length. There was never any suggestion from the plaintiff that the price be reduced. The option to purchase ran in the name of plaintiff and here again the parties were dealing at arms' length. The plaintiff testified that upon his first approach to the defendants he told them that he had a client who wished to purchase property in the neighborhood, and on cross-examination the defendants admitted this. Furthermore, there was nothing inconsistent in the relationship as claimed and no confidence violated. It is doubtless true that, where an agent is employed to obtain for his principal the highest possible price for property, fiduciary relations arise out of such employment which preclude the agent from becoming the purchaser or acting for others and unduly

profiting to the injury of the employer. ██ But where an owner authorizes the sale by an agent at a fixed price net to him, with the understanding that the agent shall be entitled to any excess thereover, the agent may, without violating any trust relationship, purchase the property on his own account or act as the agent of others in acquiring the same. (*Allen* v. *Dailey*, 92 Cal. App. 308 [268 Pac. 404].)

██ Appellants also contend that plaintiff cannot recover for the reason that defendants had a right to expect and receive the personal efforts of plaintiff, and before he found a purchaser he transferred the instrument to Mr. O'Regan, who had no right to act for defendants, and that it was not until after such transfer that a purchaser was found. But no services were expected of plaintiff other than the finding of a purchaser on the terms provided in the option, and plaintiff found such purchaser. The assignment to Mr. O'Regan was only an assignment of the option to purchase. The plaintiff reserved the right to his commission and continued his personal efforts to produce a purchaser. The assignment of the option was a step in the procurement of a purchaser.

██ It is next contended by appellants that at a time when a confidential relation existed between the parties the plaintiff obtained the option from defendants, and that no evidence was offered or received on behalf of plaintiff that the purchase price was fair, just, and equitable. But such a defense involves fraud, and there are no allegations of fraud respecting the amount of the purchase price; no claim of misrepresentation or concealment. There could be none, because the defendants fixed their own price for the property before any relation existed between the parties. There is no allegation even that a confidential relation existed at the time the option was obtained. On the contrary, the allegation is that the option was obtained and the relation was created on the same day, i. e., February 29, 1924; and, again, that "the agency (was) created by the option"; and these allegations are made only in and as a part of a paragraph in which the defense set up is that the contract was terminable at any time and that therefore the defendant had a legal right to terminate the relation of agent, which he did because he discovered the value of the property was greater than he thought when he made the plaintiff his

agent. It is not even alleged that the plaintiff, at the time the contract was entered into, knew the value of the property was greater. There is no merit in such contention.

■ For these reasons, also, the offer of defendants to prove the value of the property to be $30,000 was immaterial. The trial court made findings of fact covering all material allegations in the pleadings and the findings were supported by sufficient evidence.

■ As heretofore stated, the trial court made a finding against defendants as to all allegations in paragraph V of defendants' separate defense. Appellants contend that this finding as to several of the allegations contained in said paragraph is not supported by the evidence. However, the finding against defendants' allegation that at the time plaintiff became the agent of the defendants neither of them had any knowledge that plaintiff was the agent of other persons for the purpose of purchasing the property and at no time consented that plaintiff might so act is amply supported by the evidence, and without a finding for defendants on this allegation this defense fails. Under such circumstances it is not ground for reversal if findings as to other portions of the defense are not supported by evidence. (Code Civ. Proc., sec. 475.) ■ Any error in finding against an appellant on a particular issue is without prejudice to him if the judgment gives him all the relief to which he would have been entitled had the finding thereon been in his favor. (2 Cal. Jur., p. 1029; *Pugh* v. *Moxley,* 164 Cal. 374 [128 Pac. 1037].)

■ There was no prejudicial error committed by the trial court in its rulings on the admission of evidence. As heretofore stated, the case is largely controlled by the case of *Hiss* v. *Sutton, supra.*

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 24, 1929, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 4, 1929.

All the Justices present concurred.