[Sac. No. 4784. In Bank.—August 16, 1934.]

A. HENDRICKSON, Respondent, v. C. S. BERTELSON et al., Appellants; LEON T. SMITH et al., Cross-Complainants and Respondents.

Breed, Burpee & Robinson and A. W. Wylie for Appellants.

J. S. Henderson and C. S. Baldwin for Respondents.

WASTE, C. J.—Appeal from a judgment of the Superior Court of Modoc County foreclosing liens of materialmen, and ordering a sale of real property to satisfy the same.

The defendant Bertelson engaged in the construction of six dwellings upon six adjacent lots in Mountain View subdivision of Alturas. The building operations were to be financed by construction loans advanced by the defendant and appellant, California Mutual Building & Loan Association, secured by trust deeds on each of the six lots. The

contracts with the plaintiff and the defendant and cross-complainant Alturas Building Material Company were what are known as "lump sum" contracts, with but one consideration, and the building materials were to be furnished for all six dwellings without separate designations. The building and loan association commenced making advances when it was discovered that deliveries of material to three of the lots had been made, which would have affected the priority of its liens. It thereupon refused to make further advances. To meet this situation, both lien claimants executed waivers of liens as to these three lots, and the construction work thereupon proceeded upon all six houses. Thereafter it became necessary for the materialmen to file liens against the three lots, as to which waivers had not been given, for the unpaid balances due upon the lump sum contracts for the materials furnished. For the reasons hereinafter explained, they could not make separate designations of materials furnished each construction, as required by section 1188 of the Code of Civil Procedure. The plaintiff's claim was for $249.90, and the cross-complainant's claim was for $1210.93. No question of value is raised, and no notice of completion was ever filed.

The action having been tried, the court rendered judgment for the full amount of plaintiff's claim, and costs, and for cross-complainant's claim, and costs, and decreed that plaintiff and cross-complainant have liens for one-half the amount of their respective claims with costs as against said three lots, apportioning the said amounts in equal portions as against each of said lots. It was decreed that no priority existed in favor of either of said liens, and that the same were prior and superior to all rights of the California Mutual Building & Loan Association, holder of the trust deeds, and that said liens be foreclosed and the lots sold to satisfy the same.

Appellants contend that the liens are void by reason of the failure of the lien claimants to designate the amounts of their claims as against the individual lots, as required by section 1188 of the Code of Civil Procedure, and that the trial court was without power to make any apportionment of the liens as against the waiver-free lots.

The mechanics' lien law is remedial in character, and should be liberally construed in its entirety with a

view to effect its objects and to promote justice. (*Hammond Lumber Co.* v. *Barth Investment Corp.*, 202 Cal. 606, 610 [262 Pac. 31].) ▮ While section 1188 does provide that where a claim of lien is filed against two or more buildings, the lien claimant must, at the same time, designate the amount due on each of such buildings, it has been held not to require impossibilities, and that "the only effect of a failure to designate the amount due on each of two or more structures for which one claim is filed is to postpone the lien to those of other claimants". (17 Cal. Jur., p. 145.) In *Warren* v. *Hopkins,* 110 Cal. 506, 510 [42 Pac. 986], it is said: "While section 1188 requires the claimant who files a lien against two or more buildings, or other improvements, to designate the specific amount for which he claims a lien upon each of such 'improvements', it does not require him to make such designation unless there is in fact a specific amount due to him on each of such improvements, and it might frequently happen that a contractor would construct several buildings under one contract, and there would not be any specific amount due to him on each of such buildings." The District Court of Appeal for the Third Appellate District said in *Southern California Lumber Co.* v. *Peters,* 3 Cal. App. 478, 479 [86 Pac. 816]: "It will not be held that the legislature intended to defeat the application of the lien law to a particular class of cases by requiring the performance of something impossible; but, on the contrary, the mechanics' lien law, being remedial in its nature, will be given a liberal interpretation to promote justice and carry out its general purpose, and it will be presumed that in enacting section 1188, Code of Civil Procedure, the legislature had in mind those cases only where it was possible to designate the amount due on each of several buildings and did not intend that the section should apply to any other class of cases."

▮ The trial court found specifically that defendant Bertelson purchased of the lien claimants building materials as specified, and generally, "all to be used, and all of which was used in the construction of said six dwelling houses; that said materials were furnished and delivered upon the ground where the construction of said dwelling houses was in progress on single orders and as one contract without

any designation as to the amount of said materials to be used in any particular or specified dwelling house; . . . "

This finding is not only fully supported by evidence, but might have been supplemented by the evidence showing that no separate records were kept by the lien claimants as to delivery of particular materials to particular improvements,. the deliveries being on the ground to the job as a whole, and the impossibility, therefore, of segregating and designating the same in the claims of lien. We are constrained, therefore, to hold that the lien claimants, under these circumstances, were not required to do the impossible, and were excused from complying with the statutory requirement of section 1188 that the lien claimants designate the amount due upon each of the structures or improvements to which materials were delivered.

The remaining question, as to the power of the trial court to apportion the liens to the respective lots, finds answer in the fact that actions to foreclose such liens are in this state regarded in the nature of judicial proceedings in equity. (*Curnow* v. *Happy Valley Blue Gravel etc. Co.,* 68 Cal. 262 [9 Pac. 149]; *Coghlan* v. *Salvatore Quartararo,* 15 Cal. App. 662 [115 Pac. 664]; 17 Cal. Jur. 166; note, Ann. Cas. 1913B, 283.) "When a court of equity has once obtained jurisdiction, it will do complete justice by deciding the whole case." (*Watson* v. *Sutro,* 86 Cal. 500, 528 [24 Pac. 172, 25 Pac. 64].)

It was therefore properly within the jurisdiction of the court as a court of equity, and in line with the spirit of the mechanics' lien law and constitutional provision, to apportion the amounts of the respective liens decreed as against the lots as to which no waivers were filed, and thereby preserve to the materialmen liens their priority over the liens of the trust deeds. "Equity regards that as done which ought to have been done." (10 Cal. Jur. 505.)

Other points raised by appellants are deemed immaterial in view of the conclusions reached.

The judgment is affirmed.

Curtis, J., Preston, J., and Shenk, J., concurred.