[Sac. No. 531. Department One.—November 23, 1899.]

H. C. BRINGHAM, Appellant, v. H. L. W. KNOX et al., Defendants. SIERRA VALLEYS RAILWAY COMPANY et al., Respondents.

MECHANIC'S LIEN—MATERIALS FOR CONSTRUCTION OF RAILROAD—CLAIM OF LIEN.—A lien for materials used in the construction of a railroad must, in general, be claimed and enforced against the entire road, and not merely against that part thereof for which the materials were furnished.

ID.—SUFFICIENCY OF DESCRIPTION—NAME OF ROAD INDICATING PROPOSED TERMINUS—REFERENCE TO "PRESENT" TERMINUS—IMPLICATION.—A claim of lien which stated that the claimant furnished certain materials which were used in the construction "of that certain railway known as and called the Sierra Valleys and Mohawk Railway" (Mohawk valley, in Plumas county, being its proposed westerly terminus), includes the entire railway by general description. A further particular description of the road as commencing at its easterly starting point and continuing through points specified "to its present westerly terminus," particularly described, which was twelve miles short of its proposed westerly terminus, is not inconsistent with the general description, but implies that the road was projected westerly beyond the described terminus. and the claim includes the then incompleted westerly extension of the railroad.

ID.—RECORD OF CLAIM—RAILROAD LYING IN TWO COUNTIES.—The statute does not require the claim of lien to be recorded in each county in which the railroad is situated; and, where it lies in two counties, the claim of lien may be recorded in either county.

ID.—VOID CONTRACT—STATEMENT IN CLAIM—VALUE OF MATERIALS—CONTRACT PRICE.—Where the contract for the construction of an extension of the railroad was void for want of record, the claim of lien may properly state the contract price for the materials, and such statement is a sufficient showing *prima facie* of their value.

ID.—PLEADING—ALLEGATION OF VALUE—CERTAINTY.—The complaint for foreclosure of the claim of lien sufficiently alleges the value of the materials by alleging the contract price at which they are furnished in the absence of a demurrer for uncertainty.

ID.—PROOF OF VALUE—ADMISSION OF ANSWER.—Where the averment of the complaint as to the contract price for the materials was neither specially demurred to nor denied by the answer, the value of the materials need not be proved at the trial.

APPEAL from a judgment of the Superior Court of Plumas County. Stanley A. Smith, Judge, presiding.

The facts are stated in the opinion of the court.

G. G. Clough, for Appellant.

Goodwin & Webb, for Respondents.

THE COURT.—One H. C. Bowen was the owner of certain narrow gauge railway property called the Sierra Valleys and Mohawk Railroad, which in different parts of the line was in various stages of advancement; the section on which rails had been laid began at the eastern terminus of the line, a place called Junction in Lassen county, and extended thence northwest and westerly a distance of fourteen miles; the roadbed had been graded something more than sixteen miles beyond the end of the laid track, and the right of way for the road had been obtained a few miles yet farther to the westerly terminus at Mohawk valley in Plumas county; the total distance from said Junction to Mohawk valley being about thirty-five miles. In October, 1894, the defendant H. L. W. Knox agreed in writing with said Bowen to construct additional track on said line, commencing at the end of the fourteen miles already laid and proceeding westward about nine miles to Rock Quarry, a point a few hundred feet west of a place called Kerby Mill. This contract was not, nor was any memorandum thereof, filed in the office of the recorder of either of said counties; so that it was void under the provisions of section 1183 of the Code of Civil Procedure. Nevertheless, Knox proceeded thereunder, and completed his work in accordance therewith on August 8, 1895. The plaintiff in this action, M. C. Bringham, furnished seventeen thousand timber ties to said Knox for use, and which Knox did use, in the construction of said extension of the track

to Rock Quarry; Knox agreed to pay plaintiff eighteen cents apiece for said ties, and yet owes him on account thereof a balance of eighteen hundred and fifty-five dollars. On September 6, 1895, plaintiff filed in the office of the recorder of Plumas county his claim of lien, presently to be described, for the amount of said balance. 'This is an action to recover said amount and enforce such lien. The court below rendered judgment against Knox—who had made default—for the money due plaintiff, but refused to enforce the asserted lien; from the judgment in favor of the defendants other than Knox plaintiff has appealed.

1. Respondents contend that plaintiff has sought to enforce his lien against a part only of a continuous railroad, whereas the law required him to proceed against the whole property; and this is the question mainly discussed by counsel. Pending performance of Knox's contract with Bowen, and before plaintiff filed his claim of lien, the title to the entire line of track, roadbed, and rights of way, from Junction to Mohawk valley, had passed from said Bowen to the defendant Sierra Valleys Railway Company. In his claim of lien filed as aforesaid on September 6, 1895, Bringham stated that he "furnished materials actually used in the construction of that certain railway known as and called the Sierra Valleys and Mohawk Railway, and also such other property than the railroad as may be necessary for the operation and use of said railroad, which railroad is described as follows, to wit," setting out a particular description, commencing at Junction and continuing to the town of Beckwith, from which point it is stated that the road "bears about due west to Kerby Mill, and to its present westerly terminus distant about nine hundred feet from Kerby Mill. That the entire distance from the point called Junction to the present westerly terminus of said Sierra Valleys and Mohawk Railroad is about twenty-three and one-half miles. . . . . That not less than twenty-five feet of ground on each side of said railroad, as constructed, is necessary for the use and operation of said road, together with the ground on which all freight and other houses are situated." The instrument concluded with a statement that Bringham claims the benefit of the law relative to liens of mechanics and others upon real property. At the

time the claim was filed work was in progress for the com-
pletion of the track on a section of the road extending seven
miles west from Rock Quarry, and the same was completed on
November 15, 1895, since which time the Sierra Valleys Rail-
way Company has operated the same as part of the continuous
line westward from Junction.   The allegations of the complaint
in the action, considered together, show that plaintiff proceeds
for the foreclosure of his lien upon whatever property is de-
scribed in the said claim.

It seems to be well settled that the proper construction of
the statute allowing to materialmen and others a lien for mate-
rials or labor furnished for use in the construction of a rail-
road (Code Civ. Proc., sec. 1183) requires that the lien must,
in general, be claimed and enforced against the entire road.
(*Cox v. Railroad Co.,* 44 Cal. 18; Boissot on Mechanics' Liens,
sec. 190, and cases cited.)   In our opinion, the plaintiff here
has brought his case within the rule; he distinctly stated in
his filed claim that he furnished materials used in the con-
struction—not of a part or section of the railroad—but "of
that certain railway known as and called the Sierra Valleys and
Mohawk Railway"; it is true, he further says that the said rail-
road is described as commencing at Junction and continuing
to its present westerly terminus about nine hundred feet from
Kerby Mill; but it is to be noted that he says its present west-
erly terminus is at that point, carrying the implication that
the railroad was projected beyond such point, and might be
extended; the terminus of the road as an actual railroad—a
way for traffic—was at the place stated in his claim; work was
then in progress for its extension, and in the course of a few
weeks the terminus was shifted seven miles farther westward.
In view of the statement that the materials were actually used
in the construction of a certain railway correctly described by
name, it is a fair inference that the further particulars given
in the claim of lien were intended by the claimant, and should
be regarded merely as particulars for the identification of the
road as an entirety, and not as exclusive of the westward ex-
tension then incomplete; such extension, although not within
the descriptive particulars, yet was not excluded by them, and
was within the descriptive designation "Sierra Valleys and Mo-

hawk Railway." The statement that twenty-five feet of ground "on each side of said railroad as constructed is necessary for the use and operation of the road" applies as well to future construction as to the part then complete; no ground on each side could become necessary for operation of the railroad ex-cept as the same should be put in condition to be operated. The demand with which the claim of lien concluded—that the claimant have the benefit of the law allowing the lien, was equivalent to a statement that he claimed a lien on the prop-erty he had described (*Russ etc. Co. v. Garrettson,* 87 Cal. 589); and for the reasons indicated we think it would be hypercriti-cism to say that he described less than the whole line for the purposes of his lien. (See *Tredinnick v. Mining Co.,* 72 Cal. 78; *Willamette etc. Co. v. Kremer,* 94 Cal. 205.)

2. Respondents also object that since the road lies in the two counties of Plumas and Lassen the claim of lien was void because filed in the office of the recorder of Plumas county only. As to this it is sufficient to say that the statute requires the party claiming the lien to file his claim "for record with the county recorder of the county in which such property, or some part thereof, is situated." (Code Civ. Proc., sec. 1187.) The courts have no power to amend the statute by requiring the filing of the lien in every county where any part of the property is situated.

3. It is urged that since the contract between Knox and Bowen was void, and since for that reason the plaintiff could claim his lien only for the value of the materials furnished by him and not for the contract price agreed on with Knox (Code Civ. Proc., sec. 1183), therefore both the claim of lien and the complaint are insufficient in failing to allege the value of plain-tiff's materials. It was, however, stated in the claim that the agreed price was eighteen cents apiece for the ties; this state-ment was a sufficient showing, *prima facie,* of their value. (*Jewell v. McKay,* 82 Cal. 144, 150; *Booth v. Pendola,* 88 Cal. 36; *Joost v. Sullivan,* 111 Cal. 286, 296.) And so in relation to the com-plaint; it contained no direct averment of the value of the ties, but it was alleged that plaintiff furnished them to Knox at the said agreed price. Since the agreed price was *prima facie* evidence of their value, it must be held that the pleader

in this manner alleged the value; although he averred evidence of the fact rather than the ultimate fact itself, yet as the complaint was not demurred to for uncertainty in this particular it is sufficient on appeal. (*Russ etc. Co. v. Garrettson, supra; Amestoy v. Electric etc. Co.,* 95 Cal. 311; *Mullally v. Townsend,* 119 Cal. 52, and cases cited.) It is said further that the value of the materials was not proved at the trial; but the said averments of the complaint were not denied by the answer of respondents; it was unnecessary, therefore, that plaintiff should make proof of them.

The judgment is reversed and the cause remanded for a new trial.