Filed 1/27/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| R&R PIPELINE, INC., | B246974 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. PC043627) |
| v. | |
| BOND SAFEGUARD INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen Pfahler, Judge.  Reversed.

Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez, Alejandro P. Gutirrez; Miller, Starr, & Regalia and William Dennis Pahland, Jr., for Plaintiff and Appellant.

Katten, Muchin, & Rosenman, Stuart M. Richter and Noah R. Balch for Defendant and Respondent.

_____

Plaintiff R&R Pipeline, Inc. (R&R), appeals from the judgment after the order granting summary judgment in favor of defendant Bond Safeguard Insurance Company (Bond Safeguard) in this action to enforce a labor and material bond issued in connection with a subdivision project to develop a golf course and residences. R&R contends the trial court erred in applying the statute of limitations applicable to enforcement of labor and material bonds on "public work" projects. We agree with R&R that the work is performed under its contract with the developer was a "private work" of improvement, even though the work was required by a subdivision agreement with a public entity. The four-year statute of limitations to enforce written contracts applies to R&R's action to enforce the bonds under the circumstances of this case. The trial court erred in applying a shorter statute of limitations applicable to public works of improvement, and the order granting summary judgment must therefore be reversed.

**BACKGROUND**

R&R filed the operative first amended complaint (FAC) against various defendants on July 25, 2011. The FAC alleged that in May 2008, R&R entered into a written contract with Los Valles Company, LP (Los Valles)[1] for installation of a storm drain, sanitary sewer, and related improvements upon land in Castaic being developed by Los Valles as a golf course and residential community. R&R performed on the contract, but Los Valles breached the contract by failing to pay the sums due, resulting in damages to R&R of $1,085,858.64 under the contract and an additional $150,000 in restocking charges on materials ordered.

In the sixth and only cause of action against Bond Safeguard, R&R alleged Bond Safeguard executed labor and material bonds in connection with the improvements. The bonds provide that Bond Safeguard will pay for any work or labor performed by R&R under its contract with Los Valles, creating a right of action to recover on the bonds.

[1] Los Valles is not a party to this appeal.

2

Bond Safeguard filed an answer asserting 28 affirmative defenses, including a bar under the statutes of limitations set forth in Code of Civil Procedure sections 337-339 and former Civil Code sections 3249, 3239, and 3240.[2]

**Bond Safeguard's Motion for Summary Judgment**

Bond Safeguard moved for summary judgment as to the sixth cause of action. Bond Safeguard argued the labor and material bonds it issued were for a public work of improvement and therefore subject to the notice requirements of former section 3247. R&R failed to provide notice of its work to the County of Los Angeles (the County) pursuant to former section 3098 and failed to provide the required special notice to Bond Safeguard under former section 3235. Bond Safeguard argued that as a result of these defects in notice, R&R is not entitled to recover on the bonds. Bond Safeguard relied heavily on the decision in *California Paving & Grading Co., Inc. v. Lincoln General Ins. Co.* (2012) 206 Cal.App.4th 36 (*California Paving*). Bond Safeguard asked the trial court to focus on whether R&R had properly provided notice under the statutory scheme applicable to public work of improvement.

In its separate statement of undisputed facts, Bond Safeguard set forth the following. R&R was the contractor hired by the developer, Los Valles, to install a storm drain, sanitary sewers, and other improvements for a project consisting of a golf course, 209 residential lots, and public subdivision improvements. Los Valles entered into a Public Works Multiple Agreement (the Multiple Agreement) with the County in December 2006, which required Los Valles to complete subdivision improvements on the project, including the work contracted for with R&R, in order to receive a final map.

---

[2] All further statutory references are to the Civil Code, unless otherwise stated. The Legislature renumbered and made some substantive changes to the statutory scheme applicable here. However, those changes do not apply "to the effectiveness of a notice given or other action taken on a work of improvement before July 1, 2012." (§ 8052, subd. (b).) We cite to the former code sections, because this case "is governed by the applicable law in effect before July 1, 2012. . . ." (*Ibid.*)

3

Bond Safeguard issued labor and material bonds covering work on the public subdivision improvements. The County was the beneficiary under the bonds and Los Valles was the principal. The work was to be completed by Los Valles to the satisfaction of the County.

R&R's claims are for work performed up to, but not beyond, October 1, 2008. R&R first notified Bond Safeguard in writing of its claims on May 17, 2011. R&R did not give written notice of its work to the County. The FAC, naming Bond Safeguard as a defendant for the first time in the litigation, was filed on July 25, 2011. Copies of relevant documents were submitted in conjunction with the motion for summary judgment.

**R&R's Opposition to Summary Judgment**

R&R opposed summary judgment on the ground its contract with Los Valles was for private work, and therefore the statute of limitations for claims on public work was not applicable, and the four-year statute of limitations on written contracts applied. The Multiple Agreement between the County and Los Valles was not a contract for public work, as contract is defined in former sections 3088 and 3100, because the County was not an owner of the property being developed and Los Valles is not an original contractor. Under former section 3100, the County did not contract for any work, but instead it required the work as a condition of approval of a project on private land. *California Paving*, *supra*, 206 Cal.App.4th 36 was distinguishable because it involved an agreement to pave public streets. The Los Valles development was a private work of improvement, which at some point contemplated dedication of sewers and storm drains upon approval of the County, but until dedication of the improvements was accepted, R&R's work was private and not subject to the statutory notice requirements and limitations periods applicable to public work.

R&R timely filed and recorded a mechanic's lien against the property. When the lien was not paid, R&R filed a complaint against Los Valles in December 2008. Bond Safeguard was added as a defendant in the sixth cause of action on the material and labor

4

bond in the FAC.  Bond Safeguard concedes that none of the subdivision improvements have been completed and dedicated or accepted by the County.

Even if R&R contracted for public work of improvement, R&R argued it was not required to serve a preliminary notice or stop notice on the County under former section 3098, because R&R had a direct contractual relationship with Los Valles.  There was no reason for R&R to serve notice on the County, as the County was not holding funds due to R&R.

In its separate statement, R&R disputed that (1)  the Multiple Agreement is a public work agreement—it was an agreement that if certain work were to be performed, it would be accepted by the County; (2)  the Multiple Agreement required completion of public subdivision improvements—it required certain works of improvement as a condition of approval of a final map; (3)  the bonds were issued to cover work on public subdivision improvements, and (4)  the County was the beneficiary under the bonds.

R&R filed evidentiary objections to four of Bond Safeguard's undisputed facts.

**Bond Safeguard's Reply to the Opposition**

In a prior ruling on a motion for summary judgment by R&R, the trial court found Los Valles entered into the Multiple Agreement "with the County for certain public subdivision improvements on the Project."  Bond Safeguard argued in its summary judgment reply brief that the court should reaffirm that R&R performed on a contract for public works.  It does not matter that the work was not done on public property, but in any case, R&R engaged in public improvement work contracted for by a public entity within the meaning of former section 3100.

**Ruling on Summary Judgment**

The trial court's tentative decision was to deny Bond Safeguard's motion for summary judgment, but after oral argument on the motion and taking the matter under

5

submission, summary judgment was granted. In order to determine if R&R's sixth cause of action was barred by the statute of limitations, the trial court first considered whether the case involves private or public works of improvement. Based upon *California Paving*, *supra*, 206 Cal.App.4th 36, the trial court ruled R&R engaged in "a work of improvement contracted for by a public entity" as described in former section 3100, because Los Valles, as the developer, entered into the Multiple Agreement with the County, requiring Los Valles to furnish sewers, storm drains, and tunnels constructed according to approved plans applicable for public works construction and to the satisfaction of the County.

The trial court added that cases requiring acceptance by a public agency do not clearly establish that the Multiple Agreement is not for a public work simply because the agreement is between the developer and public entity. On the issue of whether the work of improvement had been completed, even though it had not been accepted by the County, the court cited but distinguished *Diamond Match Co. v. Savercool* (1933) 218 Cal. 665, 668-669 ("a valid and complete dedication" requires "an intention by the owner, clearly indicated by his words or acts, to dedicate the lands to public use [citation], and an acceptance either by public user or formal resolution") and *Yox v. City of Whittier* (1986) 182 Cal.App.3d 347, 352-353 (in an inverse condemnation action, there was no public use where "the street and pumps which constituted the drainage system were entirely privately built and maintained and were never dedicated to or accepted by the public").

The trial court noted that the surety bonds here are labeled Los Angeles County Public Works Department Labor and Material Bond. In order to recover on the bonds, R&R was required to provide notice under either former sections 3098 or 3252. No notice was given to the County within 20 days as required by former section 3098. Under former section 3252, subdivision (b), notice may be given within 15 days of recordation of a notice of completion, of if none is recorded, notice to the surety and bond principal is extended to 75 days after completion of the work of improvement. Los Valles did not record a notice of completion. Under former section 3086, subdivision (c),

6

if work is subject to acceptance by any public entity, work of improvement is deemed completed on the date of such acceptance, provided that a cessation of labor on any public work for a continuous period of 30 days shall be deemed a completion. Bond Safeguard presented evidence that R&R stopped performing work on the project on September 24, 2008, and R&R did not name Bond Safeguard as a defendant in the action until July 25, 2011. The trial court overruled R&R's evidentiary objections and granted summary judgment in favor of Bond Safeguard.

## DISCUSSION

R&R contends the trial court erred in granting summary judgment based on the statute of limitations applicable to public work, rather than the four-year limitations period applicable to actions on a written contract. R&R argues the trial court misapplied the holding in *California Paving*, *supra,* 206 Cal.App.4th 36 as demonstrated by the subsequent decision in *Nissho of California, Inc. v. Bond Safeguard Ins. Co.* (2013) 220 Cal.App.4th 974 (*Nissho*), which limited the application of *California Paving* to its facts. According to R&R, its contract was not for public work. Even if the trial court found a contract for public work, there was never a completion with acceptance by the County.

**Standard of Review**

"The purpose of summary judgment is 'to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citation.]' (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 844 (*Aguilar*).) Our de novo review is governed by [Code of Civil Procedure] section 437c, which provides in subdivision (c) that a motion for summary judgment may only be granted when, considering all of the evidence set forth in the papers and all inferences reasonably deducible therefrom, it has been demonstrated that there is no triable issue as to any material fact and the cause of action

7

has no merit. The pleadings govern the issues to be addressed. (*City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1121.) A defendant or a cross-complainant moving for summary judgment bears the burden of persuasion that there is no triable issue. For a defendant, this burden is met by producing evidence that demonstrates that a cause of action has no merit because one or more of its elements cannot be established to the degree of proof that would be required at trial, or that there is a complete defense to it. Once that has been accomplished, the burden shifts to the plaintiff to show, by producing evidence of specific facts, that a triable issue of material fact exists as to the cause of action or the defense. (*Aguilar,* at pp. 849-851, 854-855.)" (*Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga* (2009) 175 Cal.App.4th 1306, 1332.)

The issues in this case turn primarily on the interpretation of various statutes. We apply a de novo standard of review in interpreting the applicable statutes. (*City of Dana Point v. California Coastal Com.* (2013) 217 Cal.App.4th 170, 187; *Doe v. Brown* (2009) 177 Cal.App.4th 408, 417.)

**Public vs. Private Works**

As framed by the trial court and extensively addressed by the parties below and on appeal, the primary issue in this case is whether the work of improvements contracted for between Los Valles and R&R is properly classified as public work or private work. Resolution of this issue determines the notice requirements and the applicable statute of limitations.

We therefore examine whether the trial court correctly found the Multiple Agreement between the County and Los Valles was a contract for a "public work of improvement." "'Public work' means any work of improvement contracted for by a public entity." (Former § 3100.) "'Public entity' means the state, Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the state." (Former § 3099.)

8

Bond Safeguard argues the plain language of former section 3100 establishes the Multiple Agreement was a contract for a public work of improvement. According to Bond Safeguard, the County (a public entity) entered into a contract (the Multiple Agreement) for a public work of improvement by Los Valles. Los Valles agreed to provide the improvements for dedication to the County, thus satisfying the elements of a contract.

Bond Safeguard's interpretation of former section 3100 is based on a literal reading of the statute, but it fails to take into account the statutory definition of "contract," which has a specific meaning for purposes of defining a public work of improvement. "'Contract' means an agreement between an owner and any original contractor providing for the work of improvement or any part thereof." (Former § 3088.) Based on former section 3088, the Multiple Agreement is not a contract for a work of public improvement, because the County is not "an owner" of any portion of the development, and the County does not have a contract with R&R, an "original contractor" in this case. It is undisputed that the County has no contract for a work of improvement with R&R, and R&R is not seeking recovery from the County in any respect. The construction contract in this case is between Los Valles and R&R, and "[t]he project was therefore not a 'public work,' within the meaning of section 3100 . . . ." (*Progress Glass Co. v. American Ins. Co.* (1980) 100 Cal.App.3d 720, 727 [county was not a party to a contract to construct a motel on property leased from the county, where the contracting parties were a general contractor and a subcontractor].)

Bond Safeguard relies on *California Paving*, *supra*, 206 Cal.App.4th at pages 43-44, in which the court held that paving *of existing streets* was a public work improvement, where the City of Los Angeles required the developer of a subdivision "*to construct and install all public improvements*" in the area surrounding the development, and the general contractor entered into a subcontract with the paving company to perform "construction of the PUBLIC IMPROVEMENTS." The *California Paving* court held, "Because [Paving's] subcontract was in furtherance of the underlying Agreement

9

between the City and the developer, the subcontract was for a 'work of improvement contracted for by a public entity.' (§ 3100.)" (*California Paving, supra,* at pp. 43-44.)

The facts in *California Paving* bear no similarity to the instant case: the work performed by R&R was on private property, not existing city streets; the project was not described as a "public improvement" in the Multiple Agreement, construction contract, or surety bond; and R&R's work was never accepted by the County. The recent decision in *Nissho*, *supra*, 220 Cal.App.4th at page 992 limited *California Paving* to its facts, specifically emphasizing the work in *California Paving* was on existing streets and the work of improvement was identified in all the pertinent documents as a public improvement.

Again citing *California Paving*, *supra*, 206 Cal.App.4th at page 44 and former section 3100, Bond Safeguard argues that "the bonds in this case guaranteed public work. This is so because the County—a public agency—contracted for the required improvements R&R was engaged to make." As explained above, Bond Safeguard's analysis is incorrect, in light of former section 3088's definition of contract for a work of improvement. The court in *California Paving* reached the conclusion that the subdivision agreement between the City of Los Angeles and the paving company was for a public work of improvement without citation to the definition of contract in former section 3088. To the extent the analysis in *California Paving* suggests that a public entity is a contracting party for purposes of section 3100 merely because it requires improvements as part of a subdivision agreement, we respectfully disagree.[3]

---

[3] Bond Safeguard argued in its brief on appeal, and at oral argument, that *Sukut-Coulson, Inc. v. Allied Canon Co.* (1978) 85 Cal.App.3d 648 (*Sukut-Coulson*) is in accord with *California Paving* in holding that there is a contract for a work of public improvement when a public entity contracts with a developer, which hires a contractor to perform the work. The legal issue of what constitutes a public work of improvement was not present in *Sukut-Coulson*, and an opinion is only authority for points actually decided. (*People v. Knoller* (2007) 41 Cal.4th 139, 155, citing *Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 ["An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided.'"].)

The amount of the surety bonds posted by Bond Safeguard demonstrates this case does not involve a contract by a public entity for a work of improvement. Former section 3248 requires a surety bond in the sum of *not less than 100 percent of the total amount payable on the contract* for works of improvement contracted for by a public entity. It is undisputed the bonds in this case were in amounts that approximated 50 percent of the estimated cost of the improvements in the contract between Los Valles and R&R. The amount of the bonds cannot be reconciled with the requirement in former section 3248 that bonds for public works of improvement be not less than 100 percent of the contract amount. However, the bonds in this case satisfy the requirement of the Subdivision Map Act (Gov. Code, § 66410 et seq.) that security to guarantee the performance of a contract for a private improvement be in an amount "not less than 50 percent nor more than 100 percent of the total estimated cost of the improvement or of the act to be performed . . . ." (*Id.*, § 66499.3, subd. (a).)

For the above reasons, we conclude R&R's sixth cause of action was to enforce a surety bond on a private work of improvement.

**The Applicable Statute of Limitations**

Having determined that the law applicable to private, rather than public, works of improvement apply, the dispositive issue is identifying the applicable statute of limitations. We conclude the four-year statute of limitations applicable to written contracts applies, and the sixth cause of action was timely filed.

Former section 3242 establishes the rules for claims on private work payment bonds for contracts entered into after January 1, 1995. First, the claimant shall give the 20-day notice required by former section 3097. (Former § 3242, subd. (a).) Second, if the claimant did not give notice under former section 3097, the claimant may enforce a claim by giving written notice to the surety and the bond principal within 15 days after recordation of a notice of completion. (*Id.*, subd. (b).) Third, "If no notice of completion

11

has been recorded, the time for giving written notice to the surety and the bond principal is extended to 75 days after completion of the work of improvement." (*Ibid.*)

Because R&R had a "direct contract" with Los Valles, it was not required to give the preliminary 20-day notice required for "private work" under the express language of former section 3097, subdivision (a). R&R could not give notice within 15 days after recordation of a notice of completion, because no notice of completion was ever filed. Thus, the dispositive issue is whether R&R gave notice within 75 days "after completion of the work of improvement." (Former § 3242, subd. (b).) In order to resolve this issue, we must look to former section 3086 for the definition of completion.

Former section 3086 provides three specific means of determining completion of a work of improvement: "'Completion' means, in the case of any work of improvement other than a public work, actual completion of the work of improvement. Any of the following shall be deemed equivalent to a completion: [¶] (a) The occupation or use of a work of improvement by the owner, or his agent, accompanied by cessation of labor thereon. [¶] (b) The acceptance by the owner, or his agent, of the work of improvement. [¶] (c) After the commencement of a work of improvement, a cessation of labor thereon for a continuous period of 60 days, or a cessation of labor thereon for a continuous period of 30 days or more if the owner files for record a notice of cessation."

The parties agree the first two options under former section 3086 do not apply, but they disagree over the third. Bond Safeguard contends R&R ceased work on September 24, 2008, and that R&R presented no evidence of work performed after that date. R&R argues there is no evidence it ceased work on that date, but work was performed on the development thereafter, which cessation satisfies former section 3086, subdivision (c). We agree with Bond Safeguard and the trial court that the undisputed evidence shows R&R ceased work on September 24, 2008.

This does not end the inquiry, however, because former section 3086 has an additional provision applicable in this case: "If the work of improvement is subject to acceptance by any public entity, the completion of such work of improvement shall be deemed to be the date of such acceptance," except in circumstances not here applicable.

12

"If the work of improvement is *subject to acceptance by any public entity,* the completion of such work of improvement shall be deemed to be the date of such acceptance . . . . [¶] *Id.*[,] § 3086 (emphasis added). Unlike the other completion equivalents, this one is exclusive: If it applies, it governs regardless of completion in any other sense." (*In re El Dorado Imp. Corp.* (9th Cir. 2003) 335 F.3d 835, 837-838; *A.J. Raisch Paving Co. v. Mountain View Sav. & Loan Assn.* (1972) 28 Cal.App.3d 832, 836 [if the claimant's work is "'*subject to acceptance by any public or governmental authority*'" it is timely if the improvement was never accepted by the public entity]; accord, *Howard A. Deason & Co. v. Costa Tierra, Ltd.* (1969) 2 Cal.App.3d 742, 750.) "Since the lien period does not commence until the work of improvement is accepted by the public entity, if the project is never accepted by the public authority, the period for recording the claim of lien by the claimants who supplied labor or materials to such work of improvement never expires." (10 Miller & Starr, Cal. Real Estate (3d ed. 2012) § 28:44.)

We hold there is no completion of work in this case, because the improvements provided under R&R's contract with Los Valles have never been accepted by the County. Under these circumstances, the notice requirements of former section 3242 are not applicable and do not bar R&R's actions against Bond Safeguard.

The only remaining bar to the action to enforce the surety bonds is the four-year statute of limitations for enforcement of written contracts. (Code Civ. Proc., § 337.) Bond Safeguard submitted an undisputed fact that R&R admitted it performed up to, but not beyond, October 1, 2008. The FAC was filed on July 25, 2011, well within the four-year limitations period of Code of Civil Procedure section 337. The first amended complaint was timely filed as to Bond Safeguard.

13

## DISPOSITION

The judgment is reversed.  Costs on appeal are awarded to R&R Pipeline, Inc.

KRIEGLER, J.

We concur:

MOSK, J.

MINK, J.*

---

* Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14